168 So.2d 12

**AMERICAN FEDERATION OF MUSICIANS**

v.

**Kenneth MOSS.**

**3 Div. 142.**

Supreme Court of Alabama.

Sept. 3, 1964.

Rehearing Denied Oct. 22, 1964.

John P. Kohn and Hugh Maddox, Montgomery, for appellant.

Goodwyn & Smith, Montgomery, for appellee.

PER CURIAM.

This is an appeal (authorized by § 757, Title 7, Code of Alabama, 1940) from a decree of the circuit court of Montgomery County, in equity, dated April 16, 1964, denying a motion by appellant to dissolve a temporary writ of injunction, ordered on fiat of the trial court ex parte and without a hearing.

The injunction orders appellant to remove the name of appellees from its National Defaulters List, and also restrains it "from circularizing or causing to be circulized (sic) any magazine, periodical, letter or other communication which contains a statement that Kenneth Moss and the Diplomat Inn have been placed on the National Defaulters List * * *."

It appears from the record filed with this court that appellant deposited with the register of the circuit court of Montgomery County the sum of $200.00 in cash as security for costs of this appeal. This deposit was recited to be in lieu of an appeal bond, "and shall be in lieu of said bond until such time as an appeal bond is filed."

We have held that the provisions of § 7250, Code of Alabama, 1923 (§ 60, Title 11, Code of Alabama, 1940), allowing money to be deposited with the clerk or register, have application only to trial courts and not to appellate courts. Harris v. Barber, 237 Ala. 138, 186 So. 160(3), and other cases there cited. Therefore, the deposit so made by appellant does not meet the mandatory demand of § 792, Title 7, Code of 1940, requiring an appeal bond.

**170**

■ Compliance with the mandatory provisions of § 792, supra, is jurisdictional, and without such bond this appeal is not perfected. Journequin v. Land, 235 Ala. 29, 177 So. 132(3).

■ The appeal here undertaken must be perfected within thirty days following the decree overruling the motion to dissolve. Gordon v. Central Park Little Boys League, 270 Ala. 311, 119 So.2d 23(5); Francis v. Scott, 260 Ala. 590, 72 So.2d 93(4); Code of Alabama, 1940, Title 7, § 757.

Section 806, Title 7, Code of Alabama 1940, regulating dismissal of appeals when no appeal bond has been filed, has no application where the time for appeal, as here, has expired. The giving of an appeal bond now would serve no useful purpose. Rosser v. Rosser, 262 Ala. 38, 76 So.2d 781(2).

We held in Rosser v. Rosser, supra, as follows:

"Sec. 806, Tit. 7, in substance, provides that no appeal shall be dismissed for want of a sufficient bond, or a bond for the costs of the appeal if the appellant will give a sufficient bond. This has been held not to apply where the time for taking an appeal has expired and within that time the jurisdiction of this court was not in some manner effectually obtained by an attempt to appeal. But in order to come within that section, it is necessary to make an attempt to appeal sufficient to invoke the jurisdiction of this court, as by executing a bond which is defective in some respects but sufficient to transfer jurisdiction. We have considered that question in several of our cases referred to in Terry v. Gresham, 254 Ala. 349, 48 So.2d 437. * * *"

■ The appellant not having filed an abbreviated or defective bond or one of any kind so as to invoke the jurisdiction of this court, we are impelled ex mero motu to dismiss this appeal for want of jurisdiction. It cannot be waived. Bradford v. Engelhardt, 276 Ala. 201, 160 So.2d 485(3). It is ordered that the appeal be dismissed.

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.