178 So.2d 543

**H. L. MURPHY**

v.

**Charles E. CARPER, III, et al.**

**7 Div. 666.**

Supreme Court of Alabama.

Sept. 9, 1965.

Beck & Beck, Fort Payne, for appellant.

Bainbridge & Mims, Birmingham, for appellees.

## PER CURIAM.

■ This is an appeal from a decree of the Circuit Court of DeKalb County, in equity. The appeal bond or security for costs was filed with and approved by the Register on October 20, 1964. The appeal was perfected on that date. American Federation of Musicians v. Moss, 277 Ala. 169, 168 So.2d 12(2).

Appellees move this Court that the appeal be dismissed because the transcript of the proceedings in the trial court was not filed here within the time prescribed by the Revised Rules of Practice in the Supreme Court, particularly referring to Rule 37, 261 Ala. XIX, XXXIII; Title 7 (Appendix), Code of Alabama, 1940.

This rule requires that in equity cases the transcript shall be filed within sixty days of the taking of the appeal. The trial judge may extend the time for filing the transcript in this Court for good cause shown for not to exceed thirty days, and in no event shall such extension project the time for filing the transcript beyond ninety days. Thereafter such time for filing here may be extended only by this Court for good cause shown upon petition in writing of which adversary counsel shall have ten days' notice.

It appears that the motion to dismiss the appeal was filed here on March 26, 1965, at which time the appeal was submitted on briefs—on the motion and merits. A certificate of counsel for appellees that a copy of the motion had been served by mail on March 25, 1965, on appellant's counsel is attached to the motion.

It further appears that the trial court, responding to a petition by the Register, granted an extension of thirty days from December 20, 1964, for preparation and filing the record for appeal to this court. This extension expired January 18, 1965.

Thereafter, the trial judge abortively and contrary to Rule 37, supra, granted another extension for thirty days.

But this Court, under said Rule 37, supra, was authorized to grant an extension on proper application. Such an application was made here on January 20, 1965, to extend the time for thirty days. This motion was granted.

■ Pursuant to the original time and the valid extensions appellant had a total of 120 days from October 20, 1964, in which to get the transcript filed in this Court. This time expired on February 17, 1965. The transcript was filed here on February 18, 1965—one day late. Rule 46, Revised Rules of Practice in the Supreme Court, 261 Ala. XIX, XXXVII; Title 7 (Appendix), Code of Alabama, 1940.

Appellant filed a motion here to strike appellees' motion to dismiss because said motion "is not on the paper or size of paper as required by the rules of this Court, which is commonly called 'transcript paper,' as required by Rules 29 and 32 of this Honorable Court." The motion to dismiss is written on transcript paper of proper width, size and weight. The motion to strike is factually without merit and is overruled.

It follows from the failure of appellant to file the transcript within the time granted by Rule 37, supra, that the motion to dismiss the appeal must be granted. Hornbuckle v. State, 268 Ala. 347, 105 So.2d 864. It is ordered that the appeal be dismissed.

**388**

The foregoing opinion was prepared by B. W. Simmons, Supernumerary Circuit Judge, and was adopted by the court as its opinion.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON, GOODWYN, and COLEMAN, JJ., concur.