199 So.2d 164

**Edith WHITESIDE**

v.

**John Roy McGUIRE.**

**8 Div. 232.**

Supreme Court of Alabama.

May 5, 1967.

———◆———

MacDonald Gallion, Atty. Gen., Mary Lee Stapp and Carol F. Miller, Asst. Attys. Gen., for appellant.

Ralph E. Slate, Decatur, for appellee.

PER CURIAM.

This is a proceeding under our Uniform Reciprocal Enforcement of Support Act, No. 879, Acts of Alabama 1951, Vol. II, p. 1515, as amended by Act 823, Acts of Ala-

bama 1953, Vol. II, p. 1107, which was initiated by appellant in California, which state also has a Uniform Reciprocal Enforcement of Support Act, as the same appears in Title 10a, Part 3, California Code of Civil Procedure.

Appellant appeared before the Deputy County Clerk in and for the Superior Court of the State of California, County of Santa Clara, and there submitted under oath that she as petitioner was making application to prosecute the proceeding for the support of a minor child in the courts of Alabama as a poor person. The oath was designated as a "Pauper's Oath." It appears from the record before us that plaintiff-appellant is the maternal great aunt of the dependent child whose mother is dead and whose father is appellee.

The proceedings before us were initiated in California and thereupon were forwarded to and filed in the Circuit Court of Marshall County, in Equity, but later transferred pursuant to Act No. 76, Acts of Alabama 1961, Vol. II, p. 1953, and filed in the Circuit Court of Morgan County, in Equity.

Appellee filed in the Circuit Court of Morgan County, in Equity, an instrument in writing by which he declined to submit to the jurisdiction of that court. We are unable to label the instrument which was filed. It was not verified.

Suffice it to say that the trial court, upon presentation of the instrument, entered a final decree abating the proceedings and taxing petitioner-plaintiff with the costs.

Appellant, Edith Whiteside, gave notice of appeal from the above decree, but failed or omitted to give security for costs of said appeal as required by Title 7, § 792, Code of Alabama 1940.

 Compliance by appellant with the mandatory provisions of § 792, supra, is jurisdictional and without such security this appeal is not perfected.—Journequin v. Land, 235 Ala. 29, 177 So. 132; American Federation of Musicians v. Moss, 277 Ala. 169, 168 So.2d 12.

 The appellant having failed to file the required security for costs, we are impelled *ex mero motu* to dismiss this appeal for want of jurisdiction. It is ordered that the appeal be dismissed.

The foregoing opinion was prepared by Bowen W. Simmons, Supernumerary Circuit Judge, and is adopted by the Court as its opinion.

Appeal dismissed.

LIVINGSTON, C. J., and LAWSON, GOODWYN and COLEMAN, JJ., concur.