237 So.2d 473

Henry W. ROGERS

v.

Lawrence C. SINGLETON et al.

3 Div. 443.

Supreme Court of Alabama.

July 10, 1970.

———◆———

James D. Straiton, Montgomery, for appellant.

Howard & Dunn, Wetumpka, for appellees.

McCALL, Justice.

The trial court rendered its final decree in this case on April 11, 1969, establishing by a land survey the true and correct boundary line between separately described parcels of real property, owned respectively by the appellant and the appellees. The appellant filed a motion for a new trial which was overruled by the trial court on June 11, 1969. He then filed the following written: "Notice of Appeal" on August 20, 1969, viz.:

"Now comes the Respondent, Henry W. Rogers, and gives notice of appeal from the Decree of the Circuit Court of Autauga County, Alabama, In Equity, rendered in said cause on the 11th day of April, 1969."

Nothing was done from the date when the appellant's motion for a new trial was overruled, and the date of filing the transcript of record in this court on December 1, 1969, to show in the record the giving and approval of any type of bond or security for cost of appeal. On February 11, 1970, after the transcript of record and the appellant's brief were filed in the Supreme Court, the appellees filed a motion to dismiss the appeal because of the appellant's failure to give security for costs of the appeal. The case was submitted on brief in this court on May 11, 1970.

An appeal must be taken in the manner prescribed in the statute, Tit. 7, § 766, Code of Alabama, 1940, otherwise there is no appeal. In Hildebrand v. First National Bank of Fairfield, 221 Ala. 216, 128 So. 219, we said:

"* * * Section 6101, Code (Tit. 7, § 766), provides the manner of taking an appeal, and section 6127 (Tit. 7, § 788), the time in which it must be done, and, unless taken in such time and manner as there provided, *it is not taken at all.* * * *" (Emphasis supplied.)

The appellant has not complied with the manner of taking an appeal as set out in Tit. 7, § 766, Code of Alabama, 1940, the pertinent requirement of which is: "(b) By giving security for the costs of the appeal to be approved by the * * * register * * *." Giving written notice of appeal did not meet the essentials of this statute. Quoting from Journequin v. Land, 235 Ala. 29, 177 So. 132, this court said in the case of Gray v. State, 279 Ala. 333, 339, 185 So.2d 125, 131:

"'* * * Neither notation of an appeal on the docket, nor a notice of appeal filed in the cause, meets the requirement of our statute. * * *'"

It is clear under our decisions that this appeal has not been perfected, because of appellant's failure to file good and

sufficient security for costs of appeal. Gray v. State, 279 Ala. 333, 185 So.2d 125; Whiteside v. McGuire, 281 Ala. 86, 199 So.2d 164; American Federation of Musicians v. Moss, 277 Ala. 169, 168 So.2d 12. For the reasons stated we are obliged to hold that nothing occurred in this case to transfer jurisdiction from the circuit court to this court. Gray v. State, supra. The appellees' motion to dismiss the appeal is therefore granted and the appeal is dismissed.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON, COLEMAN and BLOODWORTH, JJ., concur.