252 So.2d 99

**Wilma Dean RANDOLPH**

v.

**Sam RANDOLPH.**

**6 Div. 90.**

Court of Civil Appeals of Alabama.

Aug. 25, 1971.

Jäck R. Evans, Tuscaloosa, for appellant.

Zeanah, Donald & Lee, Tuscaloosa, for appellee.

BRADLEY, Judge.

The appeal in this case is from a final decree of divorce in favor of appellant and a decree denying a rehearing of that final decree.

The appellant had sued for divorce on the grounds of cruelty and adultery. The trial court granted a divorce based on the ground of cruelty. The trial court also awarded to appellant $100.00 a month alimony, the residence of the parties on which there was a $4,000.00 outstanding indebtedness for which she was to be liable, all the furniture and furnishings in the house, and a 1961 Pontiac automobile.

The decree was rendered by the trial court on April 9, 1970, but was not filed in the register's office until June 30, 1970.

On May 8, 1970 appellant filed an application for a rehearing of the issues involved in the proceedings on the merits previously decided by the court on April 9, 1970. This application was set down for hearing and then continued to May 26, 1970. On May 26, 1970 the matter was continued until June 4, 1970 and on June 4, 1970 continued to June 30, 1970. On June 30, 1970 the application for rehearing was overruled.

On July 27, 1970 appellant filed a Petition for Modification of the original decree, and on the same day it was continued by the court until August 18, 1970.

Then, on August 31, 1970, appellant filed notice of appeal from the final decree and the decree overruling the application for rehearing, and security for costs with the register of the trial court. The citation of appeal was not served on counsel for appellee, however, until October 27, 1970, nor was there a request for the citation of appeal to be served on appellee's counsel until October 27, 1970.

Appellee states in his motion to dismiss the appeal, filed in this court on December 11, 1970, that a hearing was held on August 18, 1970 by Judge Mize on the petition to modify the original decree, and said matter was taken under advisement. Then, on October 23, 1970, Judge Mize by letter to counsel for both parties informed them of his decision in regards to the petition to modify.

The evidence in this case shows that the parties to this appeal were married in 1947 and lived together as man and wife apparently without too much difficulty until 1966.

There was born to this marriage two children who, at the time of the filing of the complaint, were no longer dependent on the parents for support.

Appellant stated that their marital troubles commenced when appellee started

committing adultery with a woman by the name of Laura Evans.

Laura Evans testified that she was not married, was a cousin of appellee's, and worked at the Goodrich plant. She stated that she had known appellee all of his life and liked him very much as a friend, but did not love him.

She stated that she had been in his company on several occasions, but always with others present. She denied having committed adultery with him.

Appellant testified that she had never seen appellee and Laura Evans together, but that other people had told her that they had seen the two together at various places.

Gordon Rosen, an attorney in Tuscaloosa and one of appellant's lawyers in a prior divorce proceeding, stated that he had seen appellee walking from Laura Evans' house to his car on one occasion and on two other occasions had seen appellee's car parked in the street near Miss Evans' house.

Miss Evans stated that appellee's car had been parked in the street near her house on two or three occasions, but it was because appellee had gone somewhere else with other persons and left his car there. She further stated that he did not come in her house on these occasions.

Appellant also said that appellee had been turned out of his church because of his adultery and public drunkenness.

Appellant testified to several episodes of beatings at the hand of appellee and she stated that she was afraid of him.

Appellant said that appellee was employed at the B. F. Goodrich plant in Tuscaloosa, and at the time of the hearing she said that appellee's earnings were about $10,000.00 a year, although a lot of this money was the result of overtime pay. She also said that he was division chairman of his labor union there at the plant. She stated that he also belonged to several fraternal organizations such as the Disabled American Veterans and the American Legion. He was also secretary-treasurer, of the credit union at the plant.

Appellant had testified that appellee was away from home a lot in the evenings, and she suspected him of meeting Miss Evans.

The appellant testified that she had gone no further in high school than the ninth grade, had been a housewife all of her married life, had no training for gainful employment, and had tried unsuccessfully to obtain employment.

Appellant made twelve assignments of error, but, in brief, argues in effect only two of them. Those assignments not argued are deemed waived. Rule 9, Supreme Court Rules.

The two assignments that were argued raised two issues: (1) that the trial court erred in not finding from the evidence that appellee was guilty of adultery, and (2) that the trial court erred by decreeing $100.00 per month as alimony when it should have been much more.

Appellee has filed a motion in this court asking us to dismiss the appeal taken by appellant for the reason that the appeal was not perfected within 60 days of the date the decree was rendered, as is required by Title 7, Section 789, Code of Alabama 1940, as Recompiled 1958.

We will address ourselves to the motion to dismiss first.

### On the Motion

Appellee contends that the 60 day period for taking an appeal from a final decree of divorce as required by Section 789, supra, commenced to run in this case on April 9, 1970, the day the decree granting the divorce was rendered by the trial court. And, since the notice of appeal and security for costs were not filed until August 31, 1970, the appeal was filed too late, being more than sixty days from April 9, 1970.

In his motion appellee contended that we could not consider the date of the denial

of the application for rehearing as the starting date for computing the 60 day period for appeal purposes because there had been a discontinuance in the rehearing proceedings. He stated that the trial court had failed to enter an order on May 26, 1970 continuing the hearing on the application for rehearing to June 4, 1970.

The record in this court was subsequently corrected to show that there had been an order entered on May 26, 1970 continuing the rehearing matter until June 4, 1970.

The record as corrected fails to support the contention that there was a discontinuance of the rehearing proceedings.

The corrected record shows that the decree overruling the application for rehearing was rendered and filed in the register's office on June 30, 1970.

The record also shows that the final decree of divorce that was rendered by the trial court on April 9, 1970 was not filed in the register's office until June 30, 1970, which is the same day that the application for rehearing decree was filed in said office.

Equity Rule 62 provides that a party asking for a rehearing must file his application with the register and present said application to the judge who rendered the decree within 30 days of the date of the final decree.

In Tippett v. Tippett, 274 Ala. 18, 145 So. 2d 185, the Supreme Court said:

"It is well settled that under our statutes, rules, and decisions that the timely and procedurally regular filing of an application for rehearing will suspend the running of the time limitations of the appeal process.

"It is also equally well settled that to be regularly filed the application for rehearing must be filed within 30 days of the rendition of the decree, called to the attention of the trial judge, and he must enter an order granting or denying the motion, or continuing it to a future date.

These last two steps also must be done within the 30 day period. * * *"

In the present matter, the decree of divorce was rendered on April 9, 1970 and an application for rehearing was filed with the register and presented to the judge who rendered the divorce decree on May 8, 1970. On this same day, the judge continued the hearing on the application to May 26, 1970; and on May 26, 1970 it was again continued to June 4, 1970, at which time it was again continued to June 30, 1970. On June 30, 1970 the trial court overruled the application for rehearing.

There having been no discontinuance of the rehearing application, the 60 day period for appealing from the divorce decree would run from June 30, 1970, the date the application for rehearing was denied. W. E. Owens Lumber Co. v. Holmes, 277 Ala. 557, 173 So.2d 99.

The appeal from the divorce decree was perfected on August 31, 1970, which was the day the notice of appeal and security for costs were filed with the register. General Mut. Ins. Co. v. Ginn, 283 Ala. 470, 218 So.2d 680.

Excluding the day on which the rehearing application was overruled and counting the day on which security for costs of appeal was filed, 62 days elapsed between the overruling of the rehearing application and the taking of the appeal from the divorce decree. However, the 60th day fell on a Saturday, and the office of the register in Tuscaloosa County is closed on Saturday, so that the next business day was Monday, August 31, 1970. See Title 1, Section 12, Code of Alabama 1940, as Recompiled 1958.

The appeal from the divorce decree having been perfected within the time provided by Section 789, supra, the motion to dismiss the appeal is due to be overruled.

### On the Merits

Appellant argues that the trial court should have found that appellee was guilty

of adultery and consequently should have incorporated adultery as a ground, along with the cruelty ground, as the basis for the divorce.

We said in Russell v. Russell, 45 Ala. App. 255, 229 So.2d 30, that there is no requirement that a trial court state the ground upon which the divorce decree is based, although it is considered the better practice to specify the ground, particularly where there is more than one ground, and the question of whether the grounds are supported by the evidence may arise.

In the case at bar the trial court stated the ground upon which the divorce was based and appellant takes no issue with the sufficiency of the evidence to support that ground. She does contend that the evidence in support of the adultery ground is sufficient to support a decree for that reason.

■ The presumption is that the decree of a court who heard the testimony and saw the witnesses testify is correct unless it appears that such decree is plainly and palpably erroneous. Killingsworth v. Killingsworth, 284 Ala. 524, 226 So.2d 308.

■ After a careful review of the evidence submitted in support of the adultery ground set out in the complaint, we cannot say that the trial court was plainly and palpably in error in not finding appellee guilty of adultery. Killingsworth v. Killingsworth, supra.

■ The second point argued by appellant in brief is that the award of alimony of $100.00 per month was much too low, and would not support her in the style to which she had grown accustomed during the years of her marriage.

Again we must say that much must be left to the discretion of the trial court who saw and heard the witnesses testify, and we are not at liberty to interfere with the exercise of that discretion unless it plainly appears that it has been abused. Maddox v. Maddox, 276 Ala. 197, 160 So.2d 481; and Russell v. Russell, supra.

The testimony from appellant was that she thought that appellee earned about $10,000 a year, but that he worked a lot of overtime. This would mean that appellee's average pay was less than this amount.

■ Yet, we must consider the husband's earning capacity, and also take into consideration the absence of any property independently owned by the wife, plus her lack of ability to earn a living. Plunkett v. Plunkett, 223 Ala. 400, 137 So. 24.

The testimony also showed that appellant received the residence, although it had an outstanding indebtedness against it, along with all the furniture and household goods. She was also awarded one of the automobiles belonging to them, a nine year old Pontiac.

Considering this testimony, along with that of appellant to the effect that she is not equipped to obtain gainful employment, although she has made diligent effort to become employed, we feel constrained to say that the trial court abused its discretion by awarding appellant no more than $100.-00 per month as alimony.

The monthly alimony allowed by the trial court would permit appellant to pay the monthly installment on the house mortgage and the utilities, and that is all, with nothing left over to pay for her food, clothing and medical expenses.

This amount certainly would not support the appellant in the manner in which she had been supported prior to the filing of the bill for divorce. Steiner v. Steiner, 254 Ala. 260, 48 So.2d 184.

We therefore conclude that the alimony fixed by the trial court should be increased to $200.00 per month.

That part of the decree of the trial court in which appellant was awarded a divorce on the ground of cruelty is affirmed, and that part of the decree awarding to appellant monthly alimony in the amount of

$100.00 is reversed, and a decree rendered by this court awarding to appellant alimony in the amount of $200.00 per month.

Affirmed in part; reversed and rendered in part.