284 So.2d 276

**Estelle E. DEAN**

v.

**G. C. DEAN, Jr.**

**Civ. 198.**

Court of Civil Appeals of Alabama.

Oct. 10, 1973.

John W. Davis, III, Frank W. Riggs, Montgomery, for appellant.

Jones, Murray, Stewart & Yarbrough, Montgomery, for appellee.

WRIGHT, Presiding Judge.

Estelle E. Dean filed a petition for enforcement and modification of original divorce decree as to alimony. Upon hearing ore tenus, petition was denied. Petitioner appeals.

Divorce was granted appellant by decree of divorce on September 10, 1971. The terms of the decree were in accord with a written agreement of the parties. Appellant received the home and furnishings. Four paid up life insurance policies on the life of appellee were assigned to appellant. A hospital policy carried by appellee for himself and appellant was to be reissued so that appellant would have coverage after the divorce. The sum of $100 per month was agreed upon as alimony. Appellee assumed some $7500 in debts accumulated during the marriage. Appellant received approximately $7000 in cash and savings. At the time of the decree the parties were both employed by the State of Alabama and were making around the same salary.

Subsequent to the divorce, appellant became mentally ill and was hospitalized for psychiatric treatment. She remains in therapy. She resigned from her employment and at the time of the hearing was incapable of returning to work. She lives alone in a three bedroom home, valued at approximately $30,000, and refuses to rent any part of it. Appellant is eligible for retirement from the State but has not applied for benefits. If she continues physically disabled she will become eligible for Social Security benefits. She has several thousand dollars in saving accounts and stock of the approximate value of $4000.

Appellee has remarried. His salary is $661.50 bi-monthly. He has no property except a small amount of stock which he is

paying for. Since the divorce appellee has paid about half of the indebtedness he assumed and is paying on the remainder.

In her petition, appellant contended that the assignments of the paid up life insurance policies were not in proper form as per the decree. Appellee replied that the assignments were drawn by counsel of appellant and if they were not in compliance with the decree he would sign others which would comply.

Appellant further contended that the hospital insurance policy was not as good as before the divorce. The agent testified it was the best the company would write for appellant.

Appellant assigns as error the refusal of enforcement of the original decree as to the assignment of the life insurance policies; the refusal to order appellee to secure a hospital policy providing benefits to her as were in the joint policy prior to the divorce, and the denial of an increase in alimony.

■ We have carefully reviewed the evidence presented on oral hearing before the trial court. Such review of evidence heard orally by the court is with an accompanying presumption of the correctness of the court's decree. Ryan v. Ryan, 267 Ala. 677, 104 So.2d 700; Burleson v. Burleson, 269 Ala. 637, 114 So.2d 887. The presumption of the correctness of the conclusion of the trial court is overcome only if, from the evidence, we find the decree to be unjust and plainly wrong. Randolph v. Randolph, 47 Ala.App. 172, 252 So.2d 99.

■ The evidence supports the denial by the court of enforcement of the provisions of the decree as to assignment of the life insurance policies and the providing of a hospital policy. Such denial was not error.

Appellant's remaining assignment of error relates to the failure to grant to her additional alimony because of her loss of income due to her illness since the divorce.

■ The granting of alimony to the wife in a divorce case is within the discretion of the Judge. Title 34, Section 31, Code of Alabama 1940. This discretion is judicial and may not be exercised arbitrarily and is subject to review on appeal. Sides v. Sides, 284 Ala. 39, 221 So.2d 677. The allowance of alimony is made with consideration of the husband's estate and income. Allowance of alimony installments and not in gross is subject to modification as change in circumstances may warrant. Davis v. Davis, 274 Ala. 277, 147 So.2d 828.

The evidence is undisputed that appellee by the agreement incorporated in the original divorce gave not only his entire estate to appellant, but assumed all the outstanding obligations resulting from the marriage. He was left with only his salary. From that salary, he was required to liquidate some $7500 in debts and to pay appellant the sum of $100 a month for a period of ten years. The payment of alimony was to cease in the event of the remarriage of appellant.

The evidence upon modification is that appellant has become mentally ill and is unable presently to work. Her recovery from her illness and her ability to return to work is uncertain.

She has some $9000 in cash and stock; $24,000 equity in a home which is large and expensive to maintain. She lives there alone. She has paid up life insurance policies with cash value of $8600 assigned fully to her. She has all the furnishings of the home. She has $100 a month payment of support. Retirement benefits from the State are available, if requested, in an amount of $160 a month. If disability continues, she will be eligible for Social Security payments.

■ From the evidence the trial court could have concluded that appellant, though disabled, has a substantial estate, which together with present and potential income, is sufficient to furnish her mainte-

nance and support. It could further have concluded that appellee has no estate, with his income already subject to $100 a month payments of support, and debts of more than $3500.

Viewing the decree of the court with the presumption of its correctness, we cannot find from the evidence that the decree is unjust nor plainly and palpably wrong.

 There is argument in appellant's brief concerning allowance by the court of improper evidence. We find no assignment of error concerning such matters. We therefore do not consider them when presented first in brief. Supreme Court Rules 1 and 9.

As we find no error therein, the decree of the trial court is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ., concur.