315 So.2d 601

Samuel **NOBLE**

v.

Carolyn **NOBLE**.

Civ. 583.

Court of Civil Appeals of Alabama.

July 9, 1975.

Weeks & Weeks, Scottsboro, for appellant.

Jack Livingston and Ronald A. Drummond, Scottsboro, for appellee.

WRIGHT, Presiding Judge.

Appeal is brought by defendant from a final decree in a divorce action and from denial of motion for rehearing.

Motion to dismiss the appeal has been made by plaintiff. The theory of the motion is that as the motion for rehearing was not ruled upon by the court for more than 90 days after its filing, the motion became discontinued. The discontinuance of the motion for rehearing caused the time for taking appeal not to be suspended. According to plaintiff's theory, such circumstances would cause the beginning of time for taking an appeal to revert back to the date of the final judgment as if a motion for rehearing had never been filed. Cases

cited in support of the theory are *Moore v. Ashe,* 269 Ala. 359, 113 So.2d 678, *Folmar v. First National Bank of Montgomery,* 223 Ala. 625, 137 So. 777.

We do not consider the theory of plaintiff and the cases cited to be applicable to the situation in this case in light of Rule 59.1 *Alabama Rules of Civil Procedure.* However, we find that when Rule 59.1 is applied to this case, defendant's appeal was filed too late and must be dismissed ex mero motu. Our reasoning is as follows:

 Final decree was entered August 23, 1974. Motion for rehearing was filed by defendant on September 18, 1974. The filing of the motion suspended the running of time for filing an appeal from the decree. Equity Rule 62, *Garrett v. Oddo,* 261 Ala. 172, 73 So.2d 761.

Under Rule 59.1 *ARCP,* no motion for new trial (or rehearing under former Equity Rules) shall remain pending for more than 90 days, without express consent of the parties shown by the record or unless extended by the appellate court to which appeal of the judgment would be. Failure of the trial court to dispose of the motion within 90 days or an extension thereof shall constitute a denial of such motion as of the date of the expiration of the period.

In this case, there was no extension agreed upon nor granted by this court. Therefore, at the end of December 17, 1974, 90 days had expired from the filing of the motion. By operation of law, the motion was denied on that date. Appeals from divorce decrees must be taken within 60 days from the date on which such decree was entered. The suspension of the time for filing an appeal ended on that date. Appeal was due to be filed within 60 days from that date. Title 7, Sec. 789. *Randolph v. Randolph,* 47 Ala.App. 172, 252 So.2d 99. Appeal was not filed until February 27, 1975. More than 60 days had expired between December 18, 1974 and February 27, 1975.

The failure to take an appeal within the time provided by statute is jurisdictional. *Gray v. State ex rel. Attorney General,* 279 Ala. 333, 185 So.2d 125. Unless taken within the time provided, an appeal is not taken at all. *Rogers v. Singleton,* 286 Ala. 83, 237 So.2d 473. The fact that in this case the court entered an order denying the motion for rehearing on January 28, 1975, had no effect. The motion had been pending for more than 90 days. By operation of law, Rule 59.1, it was denied on December 18, 1974. *State Farm Mutual Auto Ins. Co. v. Wagnon,* 53 Ala. App. 712, 304 So.2d 216.

For want of jurisdiction, the appeal is dismissed. Plaintiff's motion for an attorney's fee on appeal is denied.

Appeal dismissed.

Motion for attorney's fee denied.

BRADLEY and HOLMES, JJ., concur.