BEATTY, Justice.
This is an appeal from a judgment of the Choctaw County Circuit Court upholding the validity of a certain last will.
*695 The case has been submitted to us on both procedural and substantive grounds, and because the procedural aspect raises a jurisdictional question, we must attend to it initially.
Briefly, it is the appellee’s contention that this appeal was not timely filed and therefore this Court has no jurisdiction to consider it. Appellee directs us to the date of the trial court’s final judgment, October 15, 1976, the timely filing of a motion for a new trial on November 12, 1976, and to the application of Rule 59.1, ARCP:
No post-trial motion filed pursuant to Rules 50, 52 or 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-trial motion within the time permitted hereunder, or any extension thereof, shall constitute a denial of such motion as of the date of the expiration of the period.
Appellee maintains that ninety days later, or on February 10, 1977, the motion for a new trial had not been disposed of nor extended under Rule 59.1, and as a consequence was denied by operation of law. Therefore, says the appellee, the time for appealing within forty-two days, Rule 4(a), ARAP, began to run on February 10, 1977, which would have expired on March 24, 1977. But appellee maintains that in fact no notice of appeal, as required by Rule 3(a), ARAP, was filed until April 1, 1977.
Appellants, on the other hand, insist that a timely notice of appeal was filed, and support their position with affidavits of counsel and personnel in the circuit clerk’s office, and other circumstances which we need not relate here.
Of course, we must dismiss the appeal if the notice of appeal was not timely filed. Rule 2(a), ARAP; Noble v. Noble, 55 Ala. App. 365, 315 So.2d 601 (1975). We have carefully reviewed the evidence before us, however, and we are convinced that a factual issue remains upon which the trial court should make findings, viz., whether the notice of appeal was timely filed as our procedural rules and authorities require. Covington Bros. Motor Co. v. Robinson, 239 Ala. 226, 194 So. 663 (1940); Ex parte Cunningham, 19 Ala.App. 584, 99 So. 834 (1924); Falley v. Falley, 163 Ala. 626, 50 So. 894 (1909). Accordingly, we remand this case to the circuit court with directions to that court to make findings on the factual issue pertaining to the filing of the notice of appeal, and to establish a supplemental record. Constitution of 1901, Amendment No. 328, Art. VI, § 6.02(b); In re Satterwhite, No. SC 2407, Ala., September 9, 1977, 11 ABR 2444; Rule 1, ARAP.
REMANDED WITH DIRECTIONS.
TORBERT, C. J., and MADDOX, JONES and SHORES, JJ., concur.