**Charles William MURRY, Appellant (Defendant),**

v.

**The STATE of Wyoming, Appellee (Plaintiff).**

No. 5458.

Supreme Court of Wyoming.

July 16, 1981.

Rehearing Denied Aug. 5, 1981.

Dwight F. Hurich, Asst. Public Defender, Campbell County (argued), Gerald M. Gallivan, Director, Wyoming Defender Aid Program, Michael H. Schilling, Wyoming Public Defender Program, and Patrick Fagan, Student Intern, Wyoming Defender Aid Program, Laramie, for appellant.

Steven F. Fruedenthal, Atty. Gen., Gerald A. Stack, Deputy Atty. Gen., Criminal Division, Walter Perry, III, Senior Asst. Atty. Gen., Cheyenne (argued), Terry D. Preuit, County Atty., Campbell County, for appellee.

Before ROSE, C. J., and RAPER, THOMAS, ROONEY and BROWN, JJ.

ROONEY, Justice.

Appellant appealed from a judgment and sentence entered on a jury verdict of guilty to the crime of first degree murder. In addition to briefing and arguing the merits of the case, we requested the parties to brief and argue the issue as to whether or not the appeal should be dismissed on the ground that the notice of appeal was not timely filed.

Inasmuch as we find the notice of appeal to have not been timely filed, an order of dismissal of the appeal is issued contemporaneously with this opinion.

The pertinent chronology is as follows:

November 18, 1980—Verdict of guilty returned.

November 26, 1980—Motion for new trial filed (within the ten-day period· required by Rule 34, W.R.Cr.P.).

December 5, 1980—Judgment and sentence entered.

December 23, 1980—Order denying motion for new trial entered.

January 6, 1981—Notice of appeal filed.

The applicable rules provide in pertinent part:

"The *timely* filing of a notice of appeal is jurisdictional. * * *" (Emphasis added.) Rule 1.02, W.R.A.P.

"An appeal, civil or criminal, permitted by law from a district court to the Supreme Court, shall be taken by filing a notice of appeal with the clerk of the district court *within fifteen (15) days from entry of the judgment or final order appealed from* and concurrently serving the same in accordance with the provisions of Rule 5, W.R.C.P., unless a different time is provided by law, except that: (1) upon a showing of excusable neglect the district court in any action may extend the time for filing the notice of appeal not exceeding fifteen (15) days from the expiration of the original time prescribed herein, provided the application for extension of time is filed and the order entered prior to the expiration of thirty (30) days from entry of judgment or final order appealed from * * *.

"In a criminal case, if timely motion in arrest of judgment, Rule 35, W.R.Cr.P.; for a new trial, Rule 34, W.R.Cr.P.; for acquittal, Rule 30(c), W.R.Cr.P. is made, the running of the time for appeal is terminated, and the full time commences to run and is computed from entry of any order denying said motion *or when such motions are deemed denied.*

"A notice of appeal, in a civil or criminal case, filed prematurely shall be treated as filed on the same day as entry of judgment or final order, provided it complies with Rule 2.02, W.R.A.P.

" * * *." (Emphasis added.) Rule 2.01, W.R.A.P.

" * * * A motion for new trial based on the ground of newly discovered evidence may be made only before or within two (2) years after final judgment, but if an appeal is pending the court may grant the motion only on remand of the case. A motion for a new trial based on any other grounds shall be made within ten (10) days after verdict or finding of guilty or within such further time as the court may ·fix during the ten-day period. The motion *shall be determined and an order entered within ten (10) days after such motion is filed and if not so entered*

*it shall be deemed denied,* unless within such ten (10) days the determination shall be continued by order of the court, but a continuance shall not extend the time to a day more than 30 days from the date the verdict or the finding of guilty is returned." (Emphasis added.) Rule 34, W.R.Cr.P.

In this case the motion for a new trial was timely filed on November 26, 1980 (within ten days after the November 18, 1980 verdict) and, thus, terminated the running of the normal 15 days in which to file a notice of appeal. Rule 2.01, W.R.A.P., supra. However, the time began to run again on December 8, 1980, the date the motion was deemed denied (the tenth day was December 6, 1980, a Saturday). Rule 34, W.R.Cr.P., supra. Therefore, the date on or before which the notice of appeal would have had to be filed in order to be timely was December 23, 1980. It was actually filed on January 6, 1981, 14 days late.

Inasmuch as a timely filing of the notice of appeal is jurisdictional, Rule 1.02, W.R.A.P., supra, we cannot address the merits of this case. *State v. Berger,* Wyo., 600 P.2d 708 (1979); *Bowman v. Worland School District,* Wyo., 531 P.2d 889 (1975).

The harshness of the strict jurisdictional requirement for timely filing of a notice of appeal is lessened by the provision of Rule 2.01, W.R.A.P., supra, which allows such filing to be made before the judgment or final order is entered but to become effective for determination of jurisdiction only when the judgment or final order is entered.

An examination of the record to ascertain whether or not the provision of Rule 34, W.R.Cr.P., supra, which prevents the motion from being "deemed denied" if the determination of it is properly continued does not help appellant's position. A statement of proceedings supplementing the record reflects that appellant's attorney conversed with the judge relative to the need for additional time for statistical research

before arguing the motion for a new trial, that the county attorney would not stipulate to a continuance but did not offer objection to it, and that a continuance was orally granted by the district judge. There is nothing else in the record with reference to such. The record does contain a setting of the motion for a new trial for hearing on December 4, 1980, made by the clerk of court on November 26, 1980.[1] Assuming either or both of these occurrences to be valid (oral granting of continuance by the district judge without a contemporaneous record thereof or granting of a continuance by the clerk of court), Rule 34, W.R.Cr.P., provides that the determination of the motion and an order entered thereon cannot be continued "to a day more than 30 days from the date [of] the verdict * * *." Accordingly, the maximum time in which such could be accomplished would be to December 18, 1980. Then, the 15 days thereafter in which the notice of appeal must be filed would be January 2, 1981, and the notice of appeal here filed on January 6, 1981 would still be out of time.

The fact that the trial court ultimately determined the motion and entered an order denying it on December 23, 1980 is not material. Rule 2.01, W.R.A.P., supra, provides that the time for filing a notice of appeal begins to run upon "entry of any order denying said motion *or* when such motions are deemed denied." (Emphasis added.) The second alternative first occurred. The first alternative did not occur until after the period in which it could be effective. *Board of Water and Sewer Commissioners of City of Mobile v. Alabama Power Company,* Ala., 363 So.2d 304 (1978); *Noble v. Noble,* 55 Ala.App. 365, 315 So.2d 601 (1975).

Appellant requests relief from the jurisdictional requirement of Rule 1.02, W.R.A.P., supra, on the basis of "excusable neglect." The "excusable neglect" referred to in Rule 2.01, W.R.A.P., supra, is a showing to be made to the district court to obtain an

---

1. We are not here addressing the propriety of a clerk of court passing on requests such as one for a continuance.

extension of time for filing the notice of appeal, and the maximum extension to be given is 30 days from the entry of the judgment—to January 5, 1981, in this case (the 30th day was January 4, 1981, a Sunday). The notice of appeal was filed January 6, 1981, and was still out of time. In any event, the facts in this matter do not satisfy the requirements of "excusable neglect."

"* * * Excusable neglect is measured on a strict standard to take care of genuine emergency conditions, such as death, sickness, undue delay in the mails * * *." *Crossan v. Irrigation Development Corporation,* Wyo., 598 P.2d 812, 813 (1979).

An order dismissing the appeal will issue contemporaneously with this opinion.