This case involves contempt proceedings for Mr. Dawson's failure to pay child support. Though the parties are no longer married to each other, they will still be referred to as the husband and the wife.
The parties reached a written agreement in their divorce case and the June 29, 1983 final divorce judgment of the trial court expressly contained those settlement provisions in detail. In pertinent parts, the husband was ordered to pay, effective May 27, 1983, $400 each month for the support of two of their minor children. He was further required to maintain major medical and dental insurance upon three children and to pay one-half of the cost of their school books and tuition. In the divorce property settlement, the husband received a vendor's lien, subject to its partial assignment for the payment of a debt, ninety percent of his claim for employment injuries, a lot in Mobile, the savings accounts, checking accounts and individual retirement accounts which were then in his *Page 1056 
name, tools, a Tiger's Eye ring, and corporate stock.
On July 15, 1983, the wife filed a motion that the husband be adjudged to be in contempt of court for his failure to pay the monthly child support, for his nonpayment of one-half of the tuition of one child, and for other matters which are not now relevant.
After both parties testified before the circuit court, that court on October 25, 1983, adjudged the husband to be in contempt of court and ordered him committed to jail but allowed him to purge himself of contempt by paying $1,000 to the wife within thirty days. The wife was granted a judgment against the husband for $800 for the total amount of child support arrearage due as of October 25, 1983, and for the additional amount of $250 for the husband's portion of one child's tuition. The husband appealed. We affirm.
The lack of ability to pay child support is a complete defense to a contempt proceeding based upon a failure to pay in compliance with previous child support judgments. Williams v.Stumpe, 439 So.2d 1297 (Ala.Civ.App. 1983). Indeed, when the accused proves that he is not financially able to pay child support, the burden of proof then shifts to the complainant to prove beyond a reasonable doubt that the accused is financially able to comply with the judgment of support. Ex parte Griggs,435 So.2d 103 (Ala.Civ.App. 1983); Zeigler v. Butler,410 So.2d 93 (Ala.Civ.App. 1982).
The evidence established that the husband was delinquent for two months of child support totaling $800 and that he had not paid his one-half of the $500 tuition for a daughter. He testified that he had been unemployed as a construction electrician for all but three weeks of the previous five months and that he does not have any money or savings with which to presently pay his delinquent child support. The wife testified that he was unemployed because he voluntarily quit his job before the rendition of the divorce judgment.
Just being unemployed and having no cash is inadequate proof of inability to pay. Only four months previously, the husband had been awarded considerable assets by the divorce judgment which were unaccounted for at the contempt trial. For aught that appears from the evidence, he still owns adequate assets through which his delinquency may be made current. Accordingly, he failed to meet his initial burden that he did not have the ability to pay. We find no error in the action of the trial court in placing the husband in contempt of court and in providing for the conditional punishment imposed upon him.
Over the husband's objection that the evidence was outside of the issues as presented by the pleadings, the wife was permitted to testify that the husband did not maintain the required major medical insurance policy upon the children, that she continued in effect the family policy which the husband had procured and which provided family medical coverage at the time of their divorce. She has paid the premium of $276 due every two months since the divorce. That policy covers not only the three children but also the wife. However, if the wife were eliminated as an insured, the premium would still remain the same for coverage of only the children. The husband admitted that he did not provide the major medical insurance, contending that he was not able to pay the premium for it.
The trial court ordered that the husband reimburse the wife for all premiums which the wife paid on the health insurance which she carries on the minor children and which should have been maintained by the husband.
If an objection is made to the introduction of evidence on the ground that it is not within the pleading issues, the objector must show actual prejudice in maintaining his action or defense on the merits by the admission of the evidence. The wife could have filed an amendment to her pleading as to the insurance but she failed to do so, and we are not convinced of any prejudice to the husband on that account. *Page 1057 Hawk v. Bavarian Motor Works, 342 So.2d 355 (Ala. 1977); Rule 15 (b), A.R.Civ.P. His only objection was that this insurance problem was outside of the issues as made by the pleadings and he made no contention, or showing, at the time of the introduction of the evidence that he was prejudiced in the slightest by trying that issue at that time. Now, the husband argues for the first time that he was deprived of an opportunity to present evidence as to how much of the insurance premiums which were paid by the wife might, in fact, have been for her coverage under the policy. No attempt was made to offer any such evidence at the trial. No request was made to the trial court to give the husband an opportunity to attempt to obtain and introduce such testimony. Neither was the trial court asked to continue the case so that he might counter the wife's evidence in that regard.
Since we find no prejudicial effect to the husband by the trial court's overruling of his objections, there was no error in so ruling.
The judgment of the trial court is affirmed.
The foregoing opinion was prepared by retired Circuit Judge EDWARD N. SCRUGGS, serving on active duty status as a judge of this court under the provisions of § 12-18-10 (e) of the Code of Alabama 1975, and this opinion is hereby adopted as that of this court.
AFFIRMED.
All the Judges concur.