I respectfully dissent.
The Alabama Administrative Procedure Act (AAPA) contains two provisions that should govern the issue under consideration. At the time that this appeal was taken, it was provided that proceedings for the judicial review of an agency's decision "shall be instituted by filing of notice of appeal . . . with the agency." § 41-22-20(b), Code 1975. It was further required that the notice of appeal be filed within thirty days after receipt by the petitioner of the notice of the final decision of the agency. § 42-22-20(d), Code 1975.
Mr. Hand received a copy of the decision of the agency on April 2, 1987, and he had thirty days thereafter within which to file his notice of appeal with the agency. §§ 41-22-20(b) and -20(d), Code 1975. The agency did not receive a copy of Mr. Hand's notice of appeal until May 7, 1987, which was not within the specified thirty-day period. Mr. Hand did not timely comply with *Page 175 
the above provisions of the AAPA. I would hold that the trial court properly dismissed his appeal for the following reasons.
The agency is granted authority by section 41-22-3(9), Code 1975, to promulgate rules that describe the "procedure, or practice requirements" of the agency. The regulation sub judice exceeded any authority thereby granted by enacting an appeal procedure. An appeal from an agency final holding in a contested case is not a procedure before the agency.
I contend that the agency had no authority to alter or amend the statutory requirement that the notice of appeal be filed with the agency within the thirty-day period. "Since the central legislative body is the source of an administrative agency's power, the provisions of the statute will prevail in any case of conflict between a statute and an agency regulation." N. Singer, 1A Sutherland Stat. Const. § 31.02 (Sands 4th ed. 1985). See also, 2 Am.Jur.2d Administrative Law
§ 300 (1962). The Iowa Supreme Court quoted with approval the above rule from Professor Sands's treatise and, pursuant thereto, it was held that, where a statute did not grant authority to discharged probationary employees to appeal and where an agency rule did grant such appeal authority to an aggrieved probationary employee, the statute prevailed over the agency rule. Iowa Department of Revenue v. Iowa MeritEmployment Commission, 243 N.W.2d 610 (Iowa 1976). However, that Iowa case is more clearly in point where it further held that the agency rule which granted to permanent employees a ninety-day period within which to appeal would not pass muster since it was inconsistent with the legislative act which granted them only thirty days within which to appeal after discharge. Iowa Department of Revenue, supra.
An appeal is not a vested right in Alabama but may be taken only where it is authorized by statute, and it must be perfected in accordance with the time and manner as prescribed by the statute, and if such requirements are not complied with the appeal must be dismissed. Crawford v. Ray Pearman LincolnMercury, 420 So.2d 269 (Ala.Civ.App. 1982); Moutry v. State,359 So.2d 388 (Ala.Civ.App. 1978). If an appellant fails to take an appeal in the manner as is provided by the statute, it is not taken at all. Rogers v. Singleton, 286 Ala. 83,237 So.2d 473 (1970).
If the logic used by the majority prevails, few, if any, of the provisions of the AAPA governing practice and procedure in contested cases before agencies and appeals therefrom are immune from repeal or amendment by agency rules which conflict therewith. I do not believe that the legislature intended to grant, or did grant, to the agency any authority to make rules which conflict with AAPA's prescribed procedures in contested cases and appeals therefrom as are delineated in sections41-22-12 through -20, Code 1975. If this agency is granted that right by the majority opinion, every agency which falls under the provisions of AAPA has a similar right with the end result that every agency will have entirely different procedures governing such matters. I submit that, when the legislature established contested case procedures and appeals therefrom, it fully intended that a uniform procedure be thereby established which would apply to and govern all agencies embraced by the AAPA. Such uniformity should not be permitted to be eroded or repealed by rules of agencies but variations therewith should occur only through legislation thereby creating "other law." The "other law" rule of the cases cited in the majority should not be extended to include an agency rule which conflicts with the provisions of AAPA.
Consequently, I would hold that the above specific provisions of AAPA govern appeals from the agency to the circuit court and that the agency had no authority to adopt a rule which conflicted therewith. *Page 176