EDWARD N. SCRUGGS, Retired Circuit Judge.
The trial court refused to reduce the amount of the father’s child support payments to the mother, and the father appealed.
We have reviewed the record pursuant to the presumption under the ore tenus rule. Some of the facts which support the rulings of the trial court are as follows:
The 1984 divorce judgment was amended in May 1986, and the monthly child support to be paid by the father was then raised from $400 to $450. The father filed the present proceedings in February 1987.
The father owns 96 percent of the stock of Wilson Timber Company, and he is its president. In May 1986, his weekly salary from the company was $350. As company president, he reduced his weekly salary to $300 late in 1986, to $200 in early 1987, and to nothing in April 1987. He then started to draw unemployment compensation benefits of $120 per week. He testified that the salary reductions resulted from smaller company earnings, which condition he is attempting to remedy. The father reduced his child support payments to $200 per month for the last two months before the trial.
On September 24, 1987, the date of the trial, the company’s assets included three certificates of deposit totaling around $42,-500 and a bank account of about $10,600. Around that time, the father’s bank account had a balance of $722. An account in the names of the father and the child had $727.
The records of the circuit clerk disclosed that the father was in arrears $1,550 in his child support payments. The mother verified that amount as being the accurate amount due. The father admitted that he was behind $1,404.
Three aspects of the last judgment of the trial court are presently in issue: (1) the trial court did not reduce the father’s *944 monthly child support; (2) the father was adjudged to be in contempt on account of his arrearage of $1,550 in child support; and (3) the trial court ordered the father to pay a fee of $350 to the wife’s attorney.
1.
The father, through able counsel, argues that the trial court erred in not reducing the father’s monthly child support payments.
A trial court has a discretion to exercise in child support modification proceedings if a material change in the circumstances of the paying parent or of the child has occurred, and the trial court’s decision in such a case will not be reversed except for an abuse of that discretion. Ebert v. Ebert, 469 So.2d 615 (Ala.Civ.App.1985). Therein, it was further pointed out that the action of the trial court in not modifying an award which exceeds a father’s present stated income does not automatically amount to an abuse of the trial court’s discretion. Ebert, 469 So.2d at 618. In modification proceedings, it is appropriate and proper to consider the assets of the parties. Dean v. Dean, 51 Ala.App. 249, 284 So.2d 276 (1973). If that were not the law, a parent with a great number of valuable assets, but with no income, could escape from the legal duty of providing support for a minor child or children.
Here, the father, as president of his company, reduced his salary from $350 to zero per week and subsequently filed his modification petition. His assets could be considered in this modification proceeding. His ownership of 96 percent of the company stock was sufficient to justify the trial court’s action in not modifying his child support payments, inasmuch as the company in turn owned valuable assets. Therefore, he had the resources from which his child support payments could be met. We find no abuse of discretion in that ruling.
2.
The father argues that his lack of ability to pay was a complete defense to a contempt proceeding, based upon his failure to pay previously ordered child support.
In deciding whether a father is able to purge himself of contempt, the trial court can consider his assets as well as his earnings and any other apparent source which was available to him for that purpose. Hulsey v. Hulsey, 536 So.2d 75 (Ala.Civ.App.1988); Murphy v. Murphy, 447 So.2d 798 (Ala.Civ.App.1984).
The trial court could have reasonably ascertained from the evidence that, although the father was receiving no salary per se, he owned adequate assets, i.e., 96 percent of his company’s corporate stock, through which his delinquency could be made current. Consequently, the father did not meet his initial burden of proving that he did not have the ability to pay. Dawson v. Dawson, 453 So.2d 1054 (Ala.Civ.App.1984). The trial court did not err in holding the father to be in contempt of court and in providing for his incarceration in jail in the event that he failed to timely purge himself of such contempt. Dawson, 453 So.2d at 1056.
3.
An attorney’s fee may be awarded to the mother when the father is adjudged by a court to be in contempt of court for his failure to pay court ordered child support. § 30-2-54, Code 1975. Also, if requested, as was here done, or if an issue as to such fees was tried, attorney fees may properly be awarded in child support modification proceedings, the award and amount thereof resting within the trial court’s discretion. Ebert, 469 So.2d at 618. We find no abuse of discretion in the award of a fee of $350 to the wife by the trial court. That issue is further affirmed upon the ground that the father cited no authority to support that issue’s argument. Henderson v. Alabama A & M University, 483 So.2d 392 (Ala.1986).
We affirm as to all raised issues.
The appellant shall pay to the appellee the sum of $500 to be applied upon her attorney’s fee for the professional services which were rendered to her upon the appeal.
*945 The foregoing opinion was prepared by Retired Circuit Judge EDWARD N. SCRUGGS while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Code 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.