304 So.2d 216

## STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

v.

### Gregory WAGNON.

### Civ. 399.

Court of Civil Appeals of Alabama.

Nov. 27, 1974.

**714**

Burns, Carr, Shumaker & Davis, Gadsden, for appellee.

———◆———

Dortch, Wright & Ford, Gadsden, for appellant.

HOLMES, Judge.

This is an appeal by defendant-appellant from a jury verdict and judgment thereon in favor of plaintiff-appellee for the sum of $2,800. The complaint sought damages for the conversion by defendant of a 1967 Pontiac automobile.

The facts are that on May 7, 1968, a 1967 Pontiac was reported stolen by Lynn and John Riley in Ft. Lauderdale, Florida. A claim was made to State Farm and the appellant compensated Riley for the loss and received a certificate of title for the automobile.

On June 10, 1968, appellee bought the car in question from a friend, Mr. Bradley, who lived next door to appellee's mother. Appellee received a bill of sale from Mr. Bradley.

Appellee kept the vehicle for a few months and then, in October, attempted to sell it to a Mr. Freeman. Mr. Freeman purchased the automobile and paid by check, but the same night of the sale informed appellee that he had learned the car was stolen and demanded and received his check back. Mr. Freeman also informed appellee that the FBI wished to talk with appellee the next day.

At the meeting with the FBI an inspection of the car was made by the FBI agents and also by Captain Davis, investigator with the Alabama Department of Public Safety. After the inspection appellee was informed that the car was stolen. He was also apparently advised that he should return the car to the bank. After removing certain accessories he, himself, had added, appellee did relinquish the vehicle to the bank and at no time thereafter did he ever request of the bank that possession be returned to him.

A confrontation by the law enforcement officer was also held with Mr. Bradley, who had sold the car to appellee. Mr. Bradley claimed he had bought the car from Mr. Nails, a resident of Huntsville, Alabama. An investigation failed to produce this person, or even an indication as to his existence. There was no bill of sale in Mr. Bradley's possession from this alleged sale.

An investigation was also made on the car tag (Alabama 31–41759) at the tax assessment office. This investigation revealed that the motor vehicle identification number on the car was at variance with the number listed on the record in the tax assessment office. The owner of the car was listed as Bill Edward Williams of Gadsden. An attempt to locate this gentleman was unsuccessful. The tag on the car was not bought by appellee, but delivered to him after the sale by Bradley.

The record further reveals that in early November 1968, Mr. Robert Simmons, an employee of appellant, received word that the automobile stolen from the Rileys in Florida was in Etowah County. Mr. Simmons learned the vehicle was in possession of the First National Bank of Attalla and had been stored with a wrecker service. After an investigation of the vehicle, Mr. Simmons was able to ascertain that it was indeed the stolen car which his company had previously made payment to their insured.

Mr. Simmons made demand on the bank to return the car. This demand was refused and appellant filed a detinue action against the bank. A consent judgment was entered in favor of appellant and they received possession of the vehicle in question.

In February 1969, appellee signed out a warrant against Bradley, who had sold appellee the vehicle. The warrant was based on the allegation that Bradley had falsely represented to appellee that he was the owner of the auto in question. Bradley was later indicted by the Grand Jury but the case was nolle prosequi.

The present suit was commenced on December 9, 1970. This was two years after appellee had voluntarily relinquished possession of the auto to the bank, and apparently a short time after appellee received notice that he still owed the bank $3,200 on the car. As noted earlier, appellee was successful in this suit.

Appellant presents to this court seventeen assignments of error which fall into two categories. These categories are that the trial court erred in refusing to grant appellant's timely motions for directed verdict and "For A Judgment Not Withstanding The Verdict or in the Alternative For

a New Trial." The real basis of appellant's appeal, as we view it, is bottomed on the contention that appellee has failed to prove a conversion.

## I

■ Before reaching the actual merits of this appeal we are compelled to dispose of a contention by appellee's able counsel that appellant's appeal was not timely filed.

This contention arises from the following set of facts: The jury verdict was rendered on November 7, 1973. Appellant filed his motion for judgment notwithstanding the verdict or for a new trial on November 9, 1973. Appeals of this nature must be taken within six months from rendition of the judgment (Tit. 7, § 788, Ala. Code (1940)), but the time for appeal is suspended by the filing of a motion for new trial.

In this case the judge did not rule on the motion and therefore, by virtue of Rule 59.1, Alabama Rules of Court, the motion was deemed denied on the ninetieth day following the filing of the motion. Appellee contends that inasmuch as no action was taken by the judge, the time for filing an appeal was not tolled and, therefore, appellant's six months began running on November 7 instead of in February. As this appeal was not filed until June 12, 1974, outside of the six month period dating from November 7, appellee would have us dismiss appellant's appeal as not timely filed.

While this issue has not been decided in our state, this court refuses to adopt appellee's argument and we hold instead that the time for appeal does not begin to run until after the expiration of the ninety day period.

■ Under Tit. 7, § 788, Ala.Code (1940), appeals of this nature "must be taken within six months from the rendition of the judgment or decree." Our supreme court has held that a motion for a new trial, seasonably made, suspends the judgment and it does not become final for purposes of appeal until said motion is disposed of. The time within which an appeal from a judgment, after the rendition of which a motion for a new trial has been seasonably made, must be taken, begins to run from the date the trial court rules upon the action for a new trial. Florence Cotton and Iron Co. v. Field, 104 Ala. 471, 16 So. 538. See also Childers v. Samoset Cotton Mills, 213 Ala. 292, 104 So. 641, wherein our supreme court held that the pendency of a motion for a new trial suspends the finality of the judgment for the pupose of an appeal until the motion is disposed of by either the act of the court or *by operation of law.*

Rule 59.1, Alabama Rules of Court, reads as follows:

*"Disposition Of New Trial And Other Post-Trial Motions*

"No post-trial motion filed pursuant to Rules 50, 52 and 59 shall remain pending in the trial court for more than 90 days, unless with the express consent of all the parties, which consent shall appear of record, or unless extended by the appellate court to which an appeal of the judgment would lie, and such time may be further extended for good cause shown. A failure by the trial court to dispose of any pending post-trial motion within the time permitted hereunder, or any extension thereof, shall *constitute a denial of such motion as of the date of the expiration of the period."* (Emphasis added)

As we read this rule with Tit. 7, § 788, Ala.Code (1940); Florence Cotton and Iron Co. v. Field, *supra,* and Childers v. Samoset Cotton Mills, *supra,* in mind, it is our opinion that the time for an appeal does not begin to run until the denial by operation of law on the ninetieth day. We find accordingly that the appeal was timely filed.

## II

We now reach the merits of the case based on appellant's contention that there is no proof of a conversion.

■ For there to be a conversion of property, it must appear that there has been a wrongful taking or wrongful detention, or an illegal assumption of ownership or an illegal user or misuser. Mobile Parking Station v. Lawson, 53 Ala.App. 181, 298 So.2d 266.

■ To be entitled to right of recovery for conversion, plaintiff must have a general or special title to the property in question and possession or immediate right to possession, and the party complained against must have wrongfully exerted some act of dominion over such property inconsistent with and destructive of the title of plaintiff. Greer v. Carl Johnson Motor Co., 269 Ala. 617, 114 So.2d 907.

■ Thus, to recover under the count of conversion, plaintiff must show legal title in himself to the property at the time of the conversion and his immediate right of possession. Hampton v. Stewart, 240 Ala. 2, 194 So. 509.

■ This court is well aware that jury verdicts are presumed correct and that such presumption of correctness is strengthened when the trial judge refuses to grant a motion for a new trial. Merchants Bank v. Cotton, 289 Ala. 606, 269 So.2d 875.

■ However, the reviewing court has the duty and power to review jury's verdict and conclusions of trial judge on questions in general, where, after making all proper allowances and indulging all reasonable intendments in favor of trial court, it reaches the clear conclusion that finding and judgment are wrong. Mobile City Lines v. Alexander, 249 Ala. 107, 30 So.2d 4.

■ After an exhaustive review of the record this court is of the opinion that, under the facts of this case, the judgment should be reversed as appellant's motion for directed verdict should have been granted, inasmuch as appellee has failed to prove his cause of action.

As noted earlier, to recover appellee must show legal title in himself at the time of the conversion. This he has failed to do.

The only evidence introduced by appellee to show his claim to legal title was the bill of sale given him by Bradley. This is the same man against whom appellee later swore out an arrest warrant on the grounds of false pretense, alleging that Bradley had falsely represented that he owned the vehicle which he sold to appellee.

■ Under the facts of this case, the submission of a mere bill of sale is not enough to establish a chain of title in light of the fact that *all* the evidence introduced into the record is to the effect that the car was stolen from the true owner. This evidence clearly refutes the bill of sale and clearly shows that the person from whom appellee derives his right of possession did not own the automobile.

Captain Davis testified that his investigation, based on inspection of both the car and the tax assessment record, revealed that the car had indeed been stolen. Robert Simmons, agent for appellant, testified that from his inspection he was able to ascertain that the vehice was the one stolen from the Rileys in Florida. He also testified that his detinue action against the bank to obtain possession of the auto for appellant had been successful.

Mr. Riley, original owner in Florida, testified that the car had indeed been stolen while in the possession of his wife; that a claim had been filed with appellant and paid off. He also denied that any sale, by

either him or his wife, of the car had been made to appellee.

Appellee's testimony itself indicates that the FBI agents had informed him in October 1968, that the car had been stolen.

There was also introduced in evidence by appellant documents showing the identification number of the stolen vehicle which coincided with the indentification number of the car in question. Also introduced was the certificate of title of the Rileys and their transfer of title along with the State Farm release form which Mrs. Riley signed.

The only competent evidence introduced at the trial is conclusive that appellee purchased a stolen vehicle from Bradley. A person who has stolen goods of another cannot pass title thereto to another, whether such other knew, or did not know, that the goods were stolen. Geneva Gin & Storage v. Rawls, 240 Ala. 320, 199 So. 734.

Appellee contends that the car was not a stolen vehicle. However, none of the conjectures which appellee presents to us in brief are in the record. As already noted, all the facts introduced into the trial record indicate conclusively that the vehicle was indeed a stolen vehicle. Verdicts which rest on pure speculation and conjecture may not stand. Howell v. Roueche, 263 Ala. 83, 81 So.2d 297.

We also note that, in addition to showing ownership of the property at the time of the conversion, which appellee has failed to do, appellee must also establish physical possession or the right to immediate possession to the property at the time of the conversion. Here, it is beyond question that appellee did not have physical possession. We particularly note that appellee voluntarily surrendered the property to the bank, and that thereafter by legal process, to wit, an action in detinue, appellant obtained the automobile. The law in Alabama is that for one to recover in detinue one must have a general or special property in the article sued for, or, have legal title and right of immediate possession at the time of the suit. Hollingsworth v. Case, 267 Ala. 165, 100 So.2d 772. In this instance, it would appear that the judgment in the detinue action shows appellant's right to possession and, accordingly, indicates that appellee did not have an immediate right to possession.

No proof of conversion having been shown by appellee, the judgment is reversed for failure of the learned trial judge to grant appellant's motion for directed verdict.

Reversed and remanded.

BRADLEY, J., and THAGARD, Supernumerary Judge, concur.

WRIGHT, P. J., recuses himself for he was attorney of record for appellant in the suit in detinue by which appellant obtained possession of the property alleged to have been the subject of a conversion.

On the 1st day of April, 1974, the Chief Justice of the Alabama Supreme Court assigned the Honorable T. Werth Thagard, the former presiding judge of this court, a supernumerary judge for temporary service on the Court of Civil Appeals of Alabama, under the provisions of the new Judicial Article (Constitutional Amendment No. 328).

Pursuant to this appointment and under the authority of Constitutional Amendment No. 328, and Bowling v. Pow, 293 Ala. 178, 301 So.2d 55, Judge Thagard has participated in the vote on this case.