The Raleys appeal from a summary judgment in a suit brought by them against Royal Insurance, and Royal Globe for conversion. We reverse.
May 21, 1975, the Raleys executed a mortgage to the Covington County Bank on Lot 20, Conecuh Subdivision, that secured a promissory note for $11,859.12. Meanwhile, on April 14, 1975, Mr. Raley executed an installment note to the Bank of $1,247.40, secured by a 1974 Chevrolet pick-up truck. On or about August 24, a fire destroyed the Raley dwelling situated on the mortgaged property. The dwelling and its contents were insured, as required by the terms of the mortgage, with Royal Globe Insurance Company. The loss payee under the policy was the Bank. Royal Globe investigated the fire loss, and took the position that it was not liable. The Raleys' suit filed on January 15, 1976, against Royal Globe in *Page 743 
the Circuit Court of Covington County was transferred to the United States District Court, Middle District of Alabama, where the case was tried on October 14. A jury awarded the Raleys the whole amount sued for less living expenses. However, the jury, on direction of the trial judge, deducted $9,143.23 from the verdict. This deduction resulted from Royal Globe's representation that it had paid the Bank as mortgagee, and was therefore entitled to a credit against the award to the Raleys.
The record shows that, instead of Royal Globe paying off the Raleys' mortgage, it had the Bank transfer the mortgage to Royal Globe by giving the Bank a check dated August 23, 1976, for $9,143.23. The mortgage transfer, signed by the Bank's Vice-President, J.T. Kirkland was dated August 23. The mortgage was not satisfied of record until May 3, 1978.
Now, as far as the pick-up truck is concerned, it does not appear that it was involved in the Federal Court suit, yet Mrs. Raley stated by affidavit that the amount due on the truck was also deducted from their jury verdict. A former agent of Royal Globe stated by affidavit, that his Company did not receive the truck note. But, Mr. Raley testified that Royal Globe, the insurer of the truck, took possession of it. As an aside, it appears that the pick-up had been involved in a wreck, and was a total loss. We are not shown whether any insurance proceeds were paid to the Raleys for loss of the truck.
The Raleys allege in their complaint that Royal Globe converted to its own use $9,143.23 — property belonging to them. Royal Globe answers, in effect, that it paid off the mortgage to the Bank, therefore, there has been no conversion. But, Royal Globe did not pay off the mortgage, and extinguish the debt before the Federal Court suit. On the contrary, it had the mortgage transferred to it. Therefore, at the time of the suit, Royal Globe had not paid any loss resulting from the fire. It had merely placed itself in the Bank's position as mortgagee. For aught that appears, Royal Globe could have demanded mortgage payments from the Raleys. Even though it did not demand payments on the mortgage, Royal Globe still had the legal title to the Raleys' property.
In Ott v. Fox, 362 So.2d 836 (Ala. 1978), this Court stated that a wrongful conversion constituted a wrongful taking, wrongful detention or interference, or illegal assumption of ownership, or illegal use or misuse. See also Webb v. Dickson,276 Ala. 553, 165 So.2d 103 (1964). In our opinion, when Royal Globe had possession of the mortgage, and failed to have it satisfied for almost two years, it was interfering with Raley's right of possession of his property, and was thereby guilty of conversion. Raley either had a right to the full amount of the jury award or the right to have the mortgage satisfied. The fact that the mortgage was eventually satisfied does not correct the evil done.
We hold that summary judgment was improper here. Our cases, since the adoption of the Rules of Civil Procedure, are legion that summary judgment is only appropriate where it appears that the nonmoving party could not prevail under any set of discernible circumstances. Whitehead v. Danison Oil Co., Inc.,352 So.2d 1339 (Ala. 1977). Folmar v. Montgomery Fair Co.,Inc., 293 Ala. 686, 309 So.2d 818 (1975).
REVERSED and REMANDED.
JONES, ALMON and EMBRY, JJ., concur.
TORBERT, C.J., concurs specially.