WRIGHT, Presiding Judge.
This is an appeal from the circuit court’s order of remittitur, or in the alternative, new trial, under Rule 59(f), A.R.Civ.P. The complaint below was for conversion.
The facts of this case were set out in Raley v. Royal Insurance Co., 386 So.2d 742 (Ala.1980), wherein the supreme court reversed the trial court’s grant of summary judgment and remanded the case for trial on the merits. The jury at trial found in favor of the Raleys in the amount of $15,-000. Royal moved for judgment notwithstanding the verdict or, in the alternative, for a new trial. The court ordered written remittitur of damages over $5,000 or new trial would be granted. The Raleys appealed the order of remittitur. Royal Insurance cross appeals the verdict and judgment and the denial of its motion for judgment notwithstanding the verdict.
APPEAL
The decision to grant or refuse a motion for new trial is within the sound discretion of the trial court. Hill v. Cherry, 379 So.2d 590 (Ala.1980). “[T]he exercise of that discretion carries with it a presumption of correctness which will not be disturbed by this court unless some legal right was *918 abused and the record plainly and palpably shows the trial court was in error. (Citation omitted.)” 379 So.2d at 592.
In its order of remittitur the trial court found the Raleys had failed to prove any actual damages; this finding is claimed as error on appeal. Chief Justice Torbert, in his special concurrence in Raley, supra, set out the rule on the measure of damages for conversion, quoting from Ewing v. Blount, 20 Ala. 694, 695-696 (1852):
“The rule is settled by the decisions of this court, that the measure of damages in actions of trover is the value of the goods at the time of the conversion, or at any time subsequent thereto and before the trial, with interest on such value.
“This rule we think a correct one, and we feel no disposition to depart from it; but it is only applicable to those cases where the owner had not regained possession of the goods before the trial. If the owner has regained the possession of the goods, he cannot recover their value, and is only entitled to the damages he has sustained by the wrongful deprivation of his possession.... ”
386 So.2d at 745. In view of the stated rule, and in light of the evidence, we find the trial court correct in holding that the Raleys were limited to recovery of a nominal sum as a compensatory damage award. See Williams v. Clark, 50 Ala.App. 352, 279 So.2d 523, cert. denied, 291 Ala. 803, 279 So.2d 526 (1973).
The court further found that the jury’s award of $15,000 constituted punitive damages, and that such an amount was unjust. In view of the facts of the case, the court ordered the judgment reduced to $5,000. The Raleys contend this order was error.
“Because punitive damages are left to the discretion of the jury, with no standard for the admeasurement of them, a remittitur or new trial should not be ordered merely because in the opinion of the court the jury gave too much.” Shiloh Construction Co. v. Mercury Construction Corp., 392 So.2d 809, 814 (Ala.1980); Airheart v. Green, 267 Ala. 689, 104 So.2d 687 (1958). “[B]ut where the damages allowed are so excessive as to warrant the belief that the jury must have been misled by some mistaken view of the merits of the case the court may interfere and set the verdict aside.... ” Vest v. Gay, 275 Ala. 286, 288, 154 So.2d 297, 298 (1963). A new trial or remittitur may also be ordered on the ground of excessiveness “where the court can clearly see that the verdict has been reached on account of bias, prejudice, corruption, or other improper motive or cause.” Id.
In the instant case the trial judge specifically found that the evidence did not support the verdict and that the jury’s award was unjust. Although the authority to set aside the verdict of the jury for excessiveness should be exercised only with great caution, Vest v. Gay, supra, remittitur should be ordered when justice so requires. See Aspinwall v. Gowens, 405 So.2d 134 (Ala.1981). Moreover, “where the trial court has ordered remittitur and refused to grant a new trial, a favorable presumption of correctness of that action is accorded.” Holcombe v. Whitaker, 294 Ala. 430, 318 So.2d 289, 295 (1975). The trial court is in a position to observe witnesses and hear testimony, which places it in a better position than this court to determine the propriety of the jury’s verdict. Id. We shall not disturb the court’s finding in the absence of abuse of discretion, and find no such abuse in the present case.
CROSS APPEAL
On cross-appeal, Royal Insurance contends that because the trial court found in its order of remittitur that there were no compensatory damages, it was error to award any punitive damages whatsoever. It is the rule in Alabama that an award of nominal damages may support an additional award of punitive damages. Walker v. Cleary Petroleum Corp., 421 So.2d 85 (Ala.1982). Punitive damages may be awarded in an action for conversion when the evidence discloses that the conversion was committed “in known violation of law and of owners’ rights, with circumstances of *919 insult, or contumely, or malice.” Carolina Casualty Insurance Co. v. Tisdale, 46 Ala. App. 50, 57, 237 So.2d 855, 860, cert. denied, 286 Ala. 741, 237 So.2d 861 (1970). When such evidence is presented to the jury, punitive damages are within its discretion. Id. Sufficient evidence on this issue exists in the record to have presented a question for the jury.
Royal Insurance also contends that the jury’s verdict was an assessment of compensatory, not punitive, damages, and is unsupported by any proof of actual damages. That contention is based upon the language of the jury’s verdict. “We, the jury, find for the plaintiffs and assess their damages at $15,000.” The contention is without merit. The jury merely used the language the trial court instructed it to use. The nature of the damages awarded cannot be inferred therefrom.
Royal Insurance also contends that no recovery should have been granted the Raleys because there was no evidence that a proper demand was made for return of the instruments in question. In the words of Chief Justice Torbert, “The record is replete with evidence, including letters and depositions, which raises a genuine issue of fact whether the Raleys demanded from Royal Insurance the return of their mortgage and note marked ‘paid.’ ” 386 So.2d at 745. The jury made a determination of that issue. That determination was strengthened by denial of the motion JNOV. The decision of the jury on a question of fact will not be disturbed on appeal because this court “indulges all favorable presumptions as to the correctness of the jury’s conclusion and will not disturb it unless it is plainly erroneous or manifestly unjust.” Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899, 903 (Ala.1979), appeal after remand, 395 So.2d 475 (Ala.1981).
We affirm the judgment of the trial court in all respects.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.