WRIGHT, Presiding Judge.
Classie Whigham (Whigham) brought suit against Jay Pontiac, Inc. (Jay), in the Circuit Court of Barbour County, alleging wrongful repossession and trespass to property and conversion and trover. A jury trial was had resulting in a general verdict in favor of Whigham in the amount of $6,500. Judgment in accord with the verdict was entered. Jay moved for judgment notwithstanding the verdict, or, in the alternative, for a new trial. The motion was denied. Jay appeals.
Whigham purchased a 1981 Pontiac Gran Prix automobile from Jay, at its place of business in Columbus, Georgia, on April 4, 1984. On April 25, 1984, Whigham returned to Jay and complained that her car was not running properly. After examining the car, Jay decided to rebuild the engine. Whigham picked up her car from Jay on May 25, 1984. She returned to Jay the next day, complaining that the car,was still not running properly. An examination of the car revealed that it had a bad catalytic converter. Jay replaced the catalytic converter and returned the car to Whigham the next day. She returned to the dealership on June 6, 1984, once again complaining that the car was still not right. The service manager test drove the car but could not find any problems and refused to repair it.
The automobile began to overheat on Whigham’s return home and finally quit running. The car was parked in early June and has never run again. There was some contact between Whigham and Jay after the car stopped working. Mr. Miller, vice president of Jay, wrote Whigham a letter. In the letter Mr. Miller offered to send someone to examine the car, and he also offered to send a wrecker to tow the car at no charge to Whigham. She later had someone call Jay and, at that time, Miller said that Jay would not pay to have the car towed to their lot. After this conversation Whigham had no more contact with Jay.
*1173 On July 30, 1984, the automobile was towed to Jay’s lot. There was conflicting evidence at trial as to whether Jay was authorized to tow the car. Whigham testified that she had not given Jay authority to tow her car. Jay contended that it had received permission to tow the car.
Whigham received a letter from General Motors Acceptance Corporation (GMAC) about one month after the car was towed to Jay. The letter stated that GMAC had repossessed the car and that the ear was being held at Jay Pontiac in Columbus, Georgia. Shortly after being notified of the repossession, Whigham filed suit.
There are five issues asserted on appeal. We will consider first the issue of whether the trial court erred when it refused to grant Jay’s motion for judgment notwithstanding the verdict, or, in the alternative, its motion for a new trial.
We find no support for Jay’s contention that it was entitled to a motion j.n.o.v. or a new trial. A motion for j.n.ov. should not be granted if there is any conflict in the evidence for the jury to resolve. Walker v. Humana Medical Corp., 415 So.2d 1107 (Ala.Civ.App.1982). The existence of such conflict is to be determined by the scintilla of evidence rule. Stauffer Chemical Co. v. Buckalew, 456 So.2d 778 (Ala.1984). The granting or refusing of a motion for a new trial is within the sound discretion of the trial court. Stauffer Chemical Co. v. Buckalew, supra. The decision of the trial court carries with it a presumption of correctness and will not be disturbed on appeal, unless it is plainly erroneous or manifestly unjust. Winn-Dixie Montgomery, Inc. v. Henderson, 371 So.2d 899 (Ala.1979).
The testimony in this case was certainly in dispute. Whigham testified that she had not given Jay the authority to tow her car. She further testified that she had no knowledge that they were coming to pick up the car. Jay’s witnesses testified that it had been given the authority to tow the car. They also testified that Whigham was present when they towed the car away and that she made no attempt to prevent them from towing the car. We consider this evidence provides more than a scintilla of evidence to support the denial of the motion for j.n.o.v.
The second and third issues presented for review are whether the trial court committed reversible error when it failed to permit evidence to be introduced of the indebtedness owed by Whigham to GMAC and whether the trial court erred when it refused to give Jay’s requested jury charge on the measure of damages for conversion and trover.
Jay claims that the correct measure of damages is the difference between the reasonable fair market value of the item converted, and the balance due on the mortgage debt at the time of conversion, plus interest at the rate of six percent from the date of conversion. It argues that under this theory of damages, the indebtedness of Whigham to GMAC was necessary for a proper determination of damages and should have been allowed into evidence.
The correct rule in this case is that stated in Raley v. Royal Insurance Co., 441 So.2d 916 (Ala.Civ.App.1983). We stated in that case:
“The rule is settled by the decisions of this court, that the measure of damages in actions of trover is the value of the goods at the time of the conversion, or at any time subsequent thereto and before the trial, with interest on such value.”
This case does not involve repossession by a mortgagee of property in possession of a mortgagor. If it had, the correct measure of damages would have been that claimed by Jay. Jay did not have a security interest in the property, was not acting on behalf of GMAC, was not subject to recourse by GMAC, and had no legal interest in the car. Jay had no legal basis to act as a creditor or mortgagee of Whigham. Therefore, the measure of damages that Jay requested as a jury charge was inapplicable.
The fourth issue presented is whether the trial court had in personam jurisdiction over Jay, pursuant to Rule 4.2, A.R.Civ.P. *1174 Jay contends that it is a foreign corporation organized under the laws of the State of Georgia and was not doing any business in this state that would subject it to jurisdiction of an Alabama court.
Alabama’s long-arm rule, 4.2(a)(2), A.R. Civ.P., allows personal service over a nonresident defendant when that person is:
“(C) causing tortious injury or damage by an act or omission in this state including but not limited to actions arising out of the ownership, operation or use of a motor vehicle, aircraft, boat or watercraft in this state;”
This rule for service of process extends to the permissible limits of due process. Alabama Power Co. v. VSL Corp., 448 So.2d 327 (Ala.1984). See A.R.Civ.P. Rule 4.2, Committee Comments. Due process requires that a defendant have certain minimum contacts with a state so that the maintenance of the suit does not offend “traditional notions of fair play and substantial justice_” International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).
Jay had the necessary minimum contacts to meet the requirements of due process. Jay employed Chadwick Wrecker Service to go to Whigham’s home in Barbour County, Alabama, for the purpose of obtaining possession of her car and returning the car to Jay’s place of business in Columbus, Georgia. Jay allegedly took the car without Whigham’s knowledge or consent, depriving her of the right of peaceful possession of the car. The tort of conversion occurred in Alabama. We are convinced that a sufficient minimum contact has occurred, making it reasonable for Jay to defend this action in Alabama.
The final issue for our consideration is whether the trial court erred when it allowed the court reporter to read a portion of a witness’s statement to the jury in the jury room and outside the presence of the parties.
It is clear that allowing testimony to be read to the jury is discretionary with the trial court, unless such action is prejudicial to one side or the other. Seaboard Surety Co. v. William R. Phillips and Co., 279 Ala. 510, 187 So.2d 264 (1966). The record reveals that all parties freely and openly consented to the procedure prior to the testimony being read. Therefore, we cannot say that the trial court committed reversible error when it allowed the testimony to be read to the jury.
The judgment of the trial court is affirmed.
AFFIRMED.
BRADLEY and HOLMES, JJ., concur.