Juan Nettles appeals from a summary judgment granted in favor of defendant-appellee, *Page 213 
Bryant Henderson, in a negligence case. We affirm.
On or about November 28, 1984, Nettles, Henderson and three other persons went deer hunting. They traveled in two pick-up trucks. Upon completion of the hunting trip, the party split up, with Nettles and two other persons leaving in the first pickup truck.
After driving a short distance, Nettles and his companions realized that Henderson and his companion had not followed them out of the woods. Nettles and his companions parked their truck and began to walk back, whereupon they discovered that Henderson's pick-up truck had slid partially into a ditch. Henderson was unable to move the truck forward. Henderson remained in the truck while Nettles went to the passenger side and, along with the others, began to push and pull. Henderson was attempting to back the truck up and, at the same time, his companions were helping. Nettles's deposition testimony is that he was pushing against the front side of the truck when it began to slide forward. At this point, Nettles says, he partially lost his balance and was caused to push more strongly against the truck; he felt a cramping in his chest. Later, Nettles was taken to the hospital and diagnosed as having received a spontaneous pneumothorax.[1]
Nettles contends that Henderson was negligent and that Henderson's negligence caused Nettles's injury and, therefore, that summary judgment was inappropriate.
Defendant Henderson, in support of his motion for summary judgment, submitted an affidavit, the gist of which is to establish that he was not negligent in the operation of his truck. Plaintiff Nettles offered no counter-affidavit, but had already given a deposition, which was in the record. Nettles contends that the deposition testimony is sufficient to create the "genuine issue of material fact" (Rule 56, A.R.Civ.P.) necessary to defeat the summary judgment motion. We disagree.
In Wilson v. Brown, 496 So.2d 756 (Ala. 1986), this Court stated:
 "The standard of review which this Court must follow when summary judgment has been granted to a defendant on a plaintiff's claim against a defendant is well established. Summary judgment for a defendant is proper when there is no genuine issue of a material fact as to any element of a cause of action and the defendant is entitled to a judgment as a matter of law. If there is any evidence of every element of a cause of action, summary judgment is inappropriate. In determining whether there is any evidence to support every element of a cause of action in this case, this Court must review the record in a light most favorable to the plaintiffs and resolve all reasonable doubts against the defendant."
(Citing Harrell v. Reynolds Metals Co., 495 So.2d 1381
(Ala. 1986).) See, e.g., Hale v. City of Tuscaloosa,449 So.2d 1243 (Ala. 1984); Allen v. Whitehead, 423 So.2d 835 (Ala. 1982);Robertson v. City of Tuscaloosa, 413 So.2d 1064 (Ala. 1982);Raley v. Royal Ins. Co., 386 So.2d 742 (Ala. 1980); Rule 56(c), A.R.Civ.P.
Summary judgment for the defendant is proper if, as to some essential element of plaintiff's case, there is no evidence. InLiberty National Life Insurance Co. v. Weldon, 267 Ala. 171,100 So.2d 696 (1957), this Court held that for negligence "[t]o be actionable it must be the breach of a duty which the defendant owed the plaintiff as an individual or one of a class . . . and the plaintiff must not only show causal connection between the negligent breach of the duty but that such negligence was the proximate cause of the injury." (Citations omitted.) In other words, the test could be stated quite simply: Is there evidence that Henderson breached a duty to Nettles? If so, was that breach of duty the proximate cause of Nettles's injury? Reviewing the deposition testimony in a light most favorable to the non-moving party, we are unable *Page 214 
to find evidence which would call for affirmative answers to these questions.
It is true in Alabama that if there is a scintilla of evidence supporting the non-moving party, summary judgment is improper. But, as stated in Eason v. Middleton, 398 So.2d 245
(Ala. 1981),
 "the opposing party may not rest on the mere allegations or denials in the original pleadings but must set forth, by affidavit or otherwise, sufficient facts showing a genuine issue for trial." (Citation omitted.) (Emphasis added.)
398 So.2d at 248.
Because the defendant's affidavit establishing that he was not negligent has not been rebutted by any evidence from the plaintiff to indicate that he was, the defendant's summary judgment was proper and it is due to be affirmed.
AFFIRMED.
JONES, ALMON, SHORES and ADAMS, JJ., concur.
[1] Air had escaped from Nettles's left lung and had become trapped between the chest wall and the lung.