BRADLEY, Presiding Judge.
This is a conversion case.
Appellees, Dickie and Karen Merritt (Merritts) filed a complaint against appellant, Bernie Hughes Lincoln Mercury (dealership) and then-defendant Ford Motor Company (Ford), alleging breach of several warranties and agreements, and alleging other claims resulting from the unmer-chantable condition of a 1984 Mercury Topaz automobile purchased by the Merritts from the dealership. The complaint was thereafter amended to include a conversion count against the dealership for withholding money which had been refunded to the Merritts by Ford. Prior to trial all claims were settled and dismissed with the exception of the conversion claim, which was the sole issue at trial. The jury rendered a verdict for the Merritts against the dealership in the amount of $5,000. The dealership appeals.
The dispositive issue is whether the trial court properly submitted the conversion claim to the jury. The dealership contends that the money from the rebate program cannot be subject to conversion. We disagree.
The pertinent facts are that Dickie and Karen Merritt purchased a 1984 Mercury Topaz from Bernie Hughes Lincoln Mercury. Subsequently, the Merritts endured numerous problems with the automobile, resulting in a lawsuit against the dealership and Ford as the manufacturer. One problem concerned damage to the tires due to the defective workmanship of the automobile. The Merritts obtained information that the problem with the tires was the subject of a rebate program by Ford. At a meeting with the Ford service representative, Mark Street, the Merritts inquired about the rebate. Mr. Street completed and approved the forms and submitted them to the dealership. The testimony indicated that the procedure for this type of claim gave the dealership the responsibility of submitting the rebate form to Ford and receiving payment back from Ford on behalf of the customer. The customer would then be notified.
Ford granted the Merritts a prorated rebate and this was reflected in the dealership records on the Merritts’ parts account. The testimony is conflicting as to whether the Merritts ever inquired about the rebate payment and as to when and by whom the rebate was discovered on the Merritts’ account. It is undisputed, however, that the discovery was made after the pending lawsuit was filed against Ford and the dealership. After discovery of the account, the Merritts amended their claim to include a conversion count against the dealership. After a trial on this count, the jury returned a verdict in favor of the Merritts and awarded punitive damages.
The dealership contends that money owed on an account such as this does not satisfy the requirements for conversion in Alabama.
“To constitute conversion, there must be a wrongful taking or a wrongful detention or interference, or an illegal as *443 sumption of ownership, or an illegal use or misuse. Webb v. Dickson, 276 Ala. 553, 165 So.2d 103 (1964); and State Farm Mutual Automobile Insurance Co. v. Wagnon, 53 Ala.App. 712, 304 So.2d 216 (1974). The gist of the action is the wrongful exercise of dominion over property in exclusion or defiance of a plaintiff’s rights, where said plaintiff has general or special title to the property or the immediate right to possession. Jones v. American, Inc., 283 Ala. 638, 219 So.2d 893 (1969). Russell-Vaughn Ford, Inc. v. Rouse, 281 Ala. 567, 206 So.2d 371 (1968); and State Farm, supra.”
Ott v. Fox, 362 So.2d 836 (Ala.1978). Section 6-5-260, Code 1975, provides: “The owner of personalty is entitled to possession thereof. Any unlawful deprivation of or interference with such possession is a tort for which an action lies.” No mention is made whether the property must be tangible to be subject to conversion.
In briefs the dealership asserts several grounds for determining that a conversion action is not proper in this case. The dealership contends that the Merritts made no demand for the refund and that such demand is necessary for recovery under a conversion action. Although in conflict, there is testimony that a demand was made; however, such a demand is not required.
“The wrongful assumption or dominion over property of another in subversion and denial of his rights constitutes a conversion of such property irrespective of whether there was a demand made for the surrender and a refusal to surrender said property.”
McRae v. Bandy, 270 Ala. 12, 115 So.2d 479 (1959) (citations omitted).
The dealership also contends that a conversion action cannot be maintained for an account owed to a customer. Raley v. Royal Insurance Co., 386 So.2d 742 (Ala.1980), allowed a conversion action to be submitted for satisfaction of a mortgage payment pursuant to a jury award.
The dealership further contends that the Merritts did not have a right of possession of the refund at the time it came into the account. The undisputed testimony, however, is that at all times the rebate was referenced by its computer number which correlated with the Merritts’ files and accounts. The dealership acted as a conduit in the rebate program, holding the specified funds for the customer to claim. The dealership could have easily determined that the money belonged to the Merritts, and its failure to notify them and make payment when the money became available was an interference with their right to possession of the money. Raley, supra. Thus, we find no error in the trial court’s submitting the conversion claim to the jury.
The dealership also argues on appeal that the trial court erred in allowing the jury to consider awarding punitive damages in that there was insufficient evidence of any malice, willfulness, insult, or other aggravating circumstances. The record reveals otherwise. The Merritts testified to the treatment they received from the dealership in their claim. There was also evidence that the dealership owner used profanity with the Merritts. The credibility of such testimony is within the province of the jury. It is clear in Alabama that an award of punitive damages is proper where the evidence justifies it. Ott, supra. There is evidence in the record to support the jury award of punitive damages. The judgment of the trial court is affirmed.
AFFIRMED.
HOLMES and INGRAM, JJ„ concur.