Ronald Robinson, Wyman Robinson, and Friendly Discount Auto Sales (appellants) appeal from the granting of summary judgment in favor of appellee Mike Durham (Durham).
The facts material to this appeal and dispositive of this case are undisputed. Appellants, who are in car sales, purchased a 1968 Chevrolet Camaro. At the time of the purchase, a female transferred to the appellants tag receipts in her name and in the name of the previous owner. Wyman Robinson then registered the automobile in his name. In September 1986 Durham purchased the automobile from appellants, and all prior documentation was transferred to him. Shortly thereafter, the F.B.I. seized the automobile. The automobile had been reported stolen in Florida. It was subsequently returned to the original owner.
Durham filed a suit against appellants alleging fraud, breach of contract, and breach of warranty. Durham moved for summary judgment against appellants on all counts. The trial court granted Durham's motion on the count alleging that appellants made a statement to Durham as true without knowledge of its truth and on the issue of breach of warranty of title. Durham was awarded $5,200, the amount he paid for the car. Appellants appeal.
Appellants assert that the grant of summary judgment was in error because there was "a scintilla of evidence, if not substantial evidence" from which the trial court *Page 967 
could have concluded that appellants held good title "or at least voidable title" on the automobile, thereby conveying actual title to Durham at the time of the purchase.
Appellants' argument is without merit. It is unequivocable that "a person who has stolen goods of another cannot pass title thereto to another, whether such other knew, or did not know, that the goods were stolen." State Farm MutualAutomobile Insurance Co. v. Wagnon, 53 Ala. App. 712,304 So.2d 216, 220 (1974). See Mobile Dodge, Inc. v.Alford, 487 So.2d 866 (Ala. 1986). A thief gets only void title and without more cannot pass any title to a subsequent purchaser, even a good faith purchaser. J. White R. Summers,Handbook of the Law Under the Uniform Commercial Code
§ 3-11 (2d ed. 1980). It is undisputed that the automobile had been stolen. Therefore, at the time of purchase appellants obtained no title. In other words, the title was void. Appellants could not convey good title to Durham; therefore, the subsequent sale to Durham constituted a breach of warranty of good title.
Relying on § 7-2-403(1), Ala. Code (1975) (1984 Repl.Vol.), appellants contend that they at least acquired a voidable title when they purchased the automobile. Section7-2-403 recognizes that a person with voidable title has power to transfer a good title to a good faith purchaser for value. Voidable title can only arise from a voluntary transfer, and the rightful owner must assent to the transfer. "A possessor of goods does not have voidable title unless the true owner has consented to the transfer of title to him." R. Anderson,Uniform Commercial Code § 2-403:20 (3d ed. 1983). In this case the rightful owner did not consent or assent to the transfer of the automobile. Appellants obtained no title.
We are convinced that the record before the trial court contained undisputed facts demonstrating that appellants breached the warranty of title as a matter of law.
Durham's motion for damages for frivolous appeal is denied.
The foregoing opinion was prepared by Retired Appellate Judge L. CHARLES WRIGHT while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e) of the Code of Alabama of 1975, and this opinion is hereby adopted as that of the court.
AFFIRMED.
All the Judges concur.