In pertinent part, Rule 56, A.R.Civ.P., provides:
 "(b) A party against whom a claim, . . . is asserted . . . may, at any time, move with or without supporting affidavits for a summary judgment in his favor as to all or any part thereof.
 "(c) . . . The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that moving party is entitled to a judgment as a matter of law. . . .
 "(e) . . . When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations . . . of his pleading, but his response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him." (Emphasis supplied.)
Then-Justice Rehnquist in Celotex Corp. v. Catrett,477 U.S. 317, 322-23, 106 S.Ct. 2548, 2552-3, 91 L.Ed.2d 265 (1986), in interpreting identical language in Rule 56 of the Federal Rules of Civil Procedure, wrote:
 "Of course, a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." (Emphasis supplied.)
In Celotex, then-Justice Rehnquist also wrote:
 ". . . Under Rule 56(c), summary judgment is proper 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.' In our view, the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the *Page 691 existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. In such a situation, there can be 'no genuine issue as to any material fact,' since a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial. The moving party is 'entitled to judgment as a matter of law' because the nonmoving party has failed to make a sufficient showing on an essential element of her case with respect to which she has the burden of proof." (Emphasis supplied.)
I see no difference in this and the standard that this Court has been applying when reviewing a summary judgment granted to a defendant on a plaintiff's claim against that defendant. Summary judgment is proper when there is no genuine issue of a material fact as to any element of a cause of action, and the defendant is entitled to a judgment as a matter of law. If there is any evidence (in actions filed prior to the effective date of Ala. Code 1975, § 12-21-12, as this one was) of everyelement of a cause of action, summary judgment is inappropriate. Calvert v. Casualty Reciprocal ExchangeInsurance Co., 523 So.2d 361 (Ala. 1988); Nettles v. Henderson,510 So.2d 212 (Ala. 1987); Wilson v. Brown, 496 So.2d 756
(Ala. 1986).
I do not interpret the quote from Celotex in Lawson State as meaning that the party moving for summary judgment does not have the burden of production, i.e., the burden of making a prima facie showing that he is entitled to summary judgment. In this, I am in accord with Justice Brennan's dissent (concurred in by Chief Justice Burger and Justice Blackmun) in Celotex, in which Justice Brennan wrote that he did not read the majority opinion in Celotex as being inconsistent with his own detailed discussion of the burden of production and burden of proof.477 U.S. at 334, 106 S.Ct. at 2558-59. The manner in which the movant's burden of production is met depends upon which party has the burden of proof (Justice Brennan's "burden of persuasion") at trial. If the movant has the burden of proof at trial, the movant must support his motion with credible evidence, using any of the materials specified in Rule 56(c), A.R.Civ.P. ("pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits"). The movant's proof must be such that he would be entitled to a directed verdict if this evidence was not controverted at trial.
If the burden of proof at trial is on the nonmovant, the movant may satisfy the Rule 56 burden of production either by submitting affirmative evidence that negates an essentialelement in the nonmovant's claim or, assuming discovery has been completed, by demonstrating to the trial court that the nonmovant's evidence is insufficient to establish an essential element of the nonmovant's claim. Justice Brennan, in describing how the movant could negate an essential element, wrote:
 "This may require the moving party to depose the nonmoving party's witnesses or to establish the inadequacy of documentary evidence. If there is literally no evidence in the record, the moving party may demonstrate this by reviewing for the court the admissions, interrogatories, and other exchanges between the parties that are in the record." 477 U.S. at 332, 106 S.Ct. at 2557-58.
The nonmovant may defeat a motion for summary judgment that asserts that the nonmovant has no evidence to establish an essential element of his claim by directing the trial court's attention to evidence of that essential element already in the record, that was ignored or overlooked by the movant, or may submit an affidavit requesting additional time for discovery, in an attempt to obtain some evidence of that essential element of the claim, in accordance with Rule 56(f), A.R.Civ.P.
If the nonmovant cannot produce sufficient evidence to prove each element of its claim, the movant is entitled to a summary judgment, for a trial would be useless.
MADDOX and STEAGALL, JJ., concur. *Page 692