MONROE, Judge.
On motion of the Court, the unpublished memorandum of January 19, 1996, is withdrawn and the following is substituted therefor:
Martha Jones sued State Farm Mutual Automobile Insurance Company, alleging conversion, wrongful repossession, and fraud. The claims arose when State Farm took possession of a used car Jones had purchased from an individual. The trial court entered a summary judgment in favor of State Farm. Jones appealed to the Alabama Supreme Court, which deflected the case to this court pursuant to § 12-2-7(6), Ala.Code 1975.
The record shows that in February 1991, State Farm was notified that Richard Lewis’s 1989 Chevrolet Celebrity automobile had been stolen. Lewis had an automobile insurance policy with State Farm and he apparently filed a claim for insurance benefits for the theft of the car. State Farm paid $7,990.56 to General Motors Acceptance Corporation and $116.44 to Lewis. On March 20,1991, Lewis signed a bill of sale conveying to State Farm his right, title, and interest in the car, and two days later, on March 22, he assigned the title to State Farm. After receiving the title from Lewis, State Farm stored it so that it could apply for a title in its own name if the car were recovered.
In May 1991, Lewis purported to sell the Celebrity to Jones for $4,500. In August 1991, Jones tried to get a tag and title for the ear and was told to contact State Farm. Jones said that after talking with State Farm adjuster Don Salter, who she claims assured her that the insurance company would get her money back for her, she allowed State Farm to take possession of the car. Salter denies telling Jones that State Farm would help her get her money back. Jones contends that because she was an innocent purchaser of a vehicle whose title had previously been assigned to State Farm pursuant to a fraudulent theft claim, she could maintain an action for conversion against the insurance company for taking the ear through what she calls fraud or trickery. Jones contends that State Farm failed to show that it had a “superior title” to the ear and, therefore, that the summary judgment was improper. Jones’s argument is without merit.
A motion for summary judgment may be granted only when there is no genuine issue of material fact and the moving party is entitled to a judgment as a matter of law. Rule 56(c), Ala.R.Civ.P.; Crowne Investments, Inc. v. Bryant, 638 So.2d 873 (Ala.1994). The burden is on the moving party to show that there is no material fact in dispute, and all reasonable inferences from the evidence are to be viewed in the light most favorable to the nonmovant. Id.
*1116 Rule 56 is read in conjunction with the “substantial evidence rule,” § 12-21-12, Ala.Code 1975, for actions filed after June 11, 1987. See Bass v. SouthTrust Bank of Baldwin County, 538 So.2d 794, 797-98 (Ala.1989). To defeat a defendant’s properly supported motion for summary judgment, the plaintiff must present substantial evidence, i.e., “evidence of such weight and quality that fair-minded persons in the exercise of impartial judgment can reasonably infer the existence of the fact sought to be proved.” West v. Founders Life Assurance Co. of Florida, 547 So.2d 870, 871 (Ala.1989).
The evidence is undisputed that Lewis did not have the title to the Celebrity when he purported to sell the ear to Jones and that State Farm did not assent to a transfer of the car to Jones. As State Farm points out, one who does not have title to a car cannot pass title to a subsequent purchaser, even a good faith purchaser. See, Robinson v. Durham, 537 So.2d 966 (Ala.Civ.App.1988). To support a claim of conversion, Jones had to show that she had legal title and an immediate right of possession to the Celebrity. Pierce v. Ford Motor Credit Co., 373 So.2d 1113 (Ala.Civ.App.1979). However, Jones did not have legal title to the car, therefore, she had no right to possession of the car and cannot sustain an allegation of conversion.
Jones also argues that the manner in which State Farm took possession of the car involved fraud or trickery and “was occasioned by a breach of the peace,” and, therefore, she says, State Farm was not entitled to a summary judgment. Because Jones had no right to possess the car, even if she could prove the misrepresentation she claims the State Farm adjuster made, she could not show that she was damaged by State Farm. Therefore, she cannot sustain an allegation of fraud. Williams v. Prudential Insurance Co., 470 So.2d 1200 (Ala.1985).
There is no doubt that Jones is a victim in this ease. But she has Lewis to blame for her trouble, not State Farm. Based on the evidence presented, Jones cannot sustain her allegations of conversion and fraud against State Farm. We note that, in her brief to this court, Jones does not discuss wrongful repossession as a separate claim. The trial court properly entered the summary judgment in favor of State Farm.
The judgment of the trial court is affirmed.
ON MOTION OF THE COURT, UNPUBLISHED MEMORANDUM WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
ROBERTSON, P.J., and THIGPEN, J., concur.