BEATTY, Retired Justice.
The plaintiff, Gwendolyn V. Ryan, appeals from a judgment allowing the defendants Patterson and Son Motors and Joe Patterson (collectively referred to as “Patterson”) to retain possession of a 1968 Chevrolet Camaro automobile. We reverse and remand.
Gwendolyn Ryan purchased the Camaro in 1988 for $6,000. In the spring of 1995, Ryan’s son Chad and Ernie Duckett towed the automobile to Duckett’s shop to perform restorative work on the vehicle. Gwendolyn Ryan testified that they towed the Camaro to Duckett’s shop with her knowledge and consent. Both Chad Ryan and Duckett said that they had an agreement that Duckett would assist Chad Ryan with the restoration of the automobile in exchange for Chad Ryan’s assistance with repairs and renovations to Duckett’s shop. Duckett rented the shop premises from Patterson. After several months, Duckett left Patterson’s premises. At that time, he moved the vehicles stored there, including the Camaro, to property owned by his uncle. Chad Ryan testified that he repeatedly asked Duckett about returning the Camaro, but he said that Duckett kept putting him off. Duckett testified that he repeatedly asked Chad Ryan to pick up the automobile, but that Chad kept delaying. The Camaro remained in Duckett’s possession until June 1996.
In June 1996, Duckett attempted to sell the Camaro pursuant to the Alabama Abandoned Motor Vehicle Act, § 32-13-1 et seq., Ala.Code 1975. He published notice of the sale on June 13 and June 20, but he never notified Gwendolyn Ryan personally or by certified mail, nor did he attempt to find her address. On June 24, Duckett sold the vehicle to himself for $1,500, the amount he said it had cost him to store the Camaro. Duck-ett’s uncle testified, however, that he did not charge Duckett any storage fees; nonetheless, Duckett said that he still owed storage fees to his uncle. Duckett then sold the Camaro to Patterson for $4,000.
When Gwendolyn Ryan learned that her automobile had been sold, she sued Duckett and Patterson, seeking the return of the *669 Camaro and damages for conversion and wrongful detention. After a nonjury trial, the trial court held that Duckett had not complied with the provisions of the Alabama Abandoned Motor Vehicle Act and that he had converted Gwendolyn Ryan’s automobile. The court entered a judgment against Duck-ett for $6,000. The trial court also held that Duckett had had voidable title to the Cama-ro, that Patterson was a good faith purchaser of the automobile, and that Patterson was entitled to retain possession of the Camaro. Gwendolyn Ryan appeals only from that aspect of the judgment allowing Patterson to retain possession of the Camaro. Duckett is not a party to this appeal.
Gwendolyn Ryan contends that her delivery of the automobile to Duckett was not a transaction of purchase and that he was merely a bailee and had no title to the Cama-ro; therefore, she argues, he could not transfer title to Patterson, even though Patterson was a good faith purchaser for value.
A transaction of purchase occurs when there is a delivery of possession from a seller to a buyer with the intent that the buyer become the owner. Ledbetter v. Darwin Dobbs Co., 473 So.2d 197 (Ala.Civ.App.1985). In Robinson v. Durham, 537 So.2d 966 (Ala.Civ.App.1988), this court held that a good faith purchaser of a stolen automobile did not acquire good title because the owner did not consent to the transfer of the automobile to the seller.
“Section 7-2-403 recognizes that a person with voidable title has power to transfer a good title to a good faith purchaser for value. Voidable title can only arise from a voluntary transfer, and the rightful owner must assent to the transfer. ‘A possessor of goods does not have voidable title unless the true owner has consented to the transfer of title to him.’ R. Anderson, Uniform Commercial Code § 2-403:20 (3d ed.1983). In this case the rightful owner did not consent or assent to the transfer of the automobile. Appellants obtained no title.”
537 So.2d at 967. See also American Standard Credit, Inc. v. National Cement Co., 643 F.2d 248 (5th Cir.1981), in which the United States Court of Appeals for the Fifth Circuit, discussing Alabama law, stated that the owner’s intent was critical in determining whether a transaction of purchase had taken place that would have allowed a seller to obtain a voidable title. The court stated that if the seller had converted goods to his own use, he did not have voidable title, but instead, had void title, and could not transfer good title even to a good faith purchaser for value.
There is no evidence in this case that Gwendolyn Ryan intended to transfer ownership of her automobile to Duckett. Although Chad Ryan physically delivered his mother’s Camaro to Duckett’s shop, he did so only for the purpose of working on the automobile with Duckett. We conclude that Gwendolyn Ryan’s delivery of her automobile to Duckett for restoration work did not constitute a transaction of purchase, and, therefore, that Duckett obtained no title to the Camaro. It follows that Duckett could not transfer title to Patterson, even though Patterson was a good faith purchaser for value. Patterson’s title was void. “One who, though acting in good faith, purchases a chattel from a person in possession, but without title or authority or indicia of authority, from the true owner to sell, acquires as against the true owner, no title, and the latter may maintain trover for its conversion.” Henderson Baker Lumber Co. v. Headley, 247 Ala. 681, 685, 26 So.2d 81, 85 (1946). Because Patterson obtained no title to the Camaro upon its sale to him, Gwendolyn Ryan is entitled to possession of her automobile.
That aspect of the trial court’s judgment awarding possession of the Camaro to Patterson is reversed, and the cause is remanded with instructions for the trial court to enter a judgment awarding possession of the Camaro to Gwendolyn Ryan.
The foregoing opinion was prepared by Sam A. Beatty, Retired Justice, Supreme Court of Alabama, while serving on active duty status as a judge of this court under the provisions of § 12-18-10(e), Ala.Code 1975.
REVERSED AND REMANDED WITH INSTRUCTIONS.
All the judges concur.